■ KENNETH W. CALLIGAR, Appellant-Respondent, v ALEX R. FRADKOFF, Respondent-Appellant.—In an action, *inter alia,* for the specific performance of a contract to sell real property, the plaintiff purchaser appeals from so much of an order and judgment (one paper) of the Supreme Court, Suffolk County (Orgera, J.), entered April 18, 1988, as, *inter alia,* upon granting those branches of the defendant's motion which were for summary judgment dismissing the complaint and for summary judgment on the first counterclaim asserted in the answer, dismisses the complaint and is in favor of the defendant in the principal sum of $25,000 on his first counterclaim; and the defendant seller cross-appeals from so much of the same order and judgment as dismisses the second and third counterclaims asserted in his answer.

Ordered that the order and judgment is affirmed, without costs or disbursements.

The parties to this action entered into a contract for the sale of real property dated January 16, 1987, which contained the following provision: "[i]n the event Seller cannot convey title or cause same to be conveyed, in accordance with the terms of this Contract, subject to the encumbrances herein specifically enumerated, the Purchaser shall, at its election, have the right to accept such title as the Seller (who is under no obligation whatsoever to take any steps to render title marketable) is able to convey, or cause to be conveyed, without any claim on the part of the Purchaser for abatement for defects or objections; or the Purchaser shall have the right to rescind this Contract, upon which rescission pursuant to this paragraph, the sole liability of the Seller will be to refund to the Purchaser the amount paid on account of the Purchase Price". The encumbrances referred to in the contract included certain rights-of-way over earthen drives which traversed the

seller's property, and which were marked on the survey map incorporated by reference into the contract. The earthen drives over the seller's property provided an adjoining property owner, Fernandez, with access to the public roads. Shortly after acquiring the property in 1984, the seller, allegedly with Fernandez's permission, had rerouted one of the drives which was originally located close to the seller's dwelling. Subsequent to the execution of the instant contract of sale between the plaintiff purchaser and the defendant seller, Fernandez filed a notice of pendency against the subject property and commenced an action against the seller seeking restoration of the earthen drives to their original position and damages. There had previously been hostility between the seller and Fernandez resulting from the seller's erection of a boundary fence without the necessary permit. Fernandez had also objected to alterations made by the seller to his dwelling and compelled him to reconstruct his porch.

The seller advised the purchaser of the action commenced by Fernandez and suggested that it might be settled if the purchaser agreed to provide Fernandez with a recordable easement over the earthen drives. The seller also called to the purchaser's attention the options available to him under the contract, to wit: taking such title as could be conveyed, or rescinding the contract with the return of his deposit and costs. When the purchaser indicated that he would close on the title despite the pending action, the seller insisted that he be indemnified against Fernandez's claim for damages with respect to the earthen rights-of-way. The purchaser, however, refused to indemnify the seller and declined to modify the contract of sale to include a recital that title was conveyed subject to that action. Instead, the purchaser insisted on proceeding to closing in accordance with the existing terms of the contract. After an unsuccessful attempt to convey title on the contract closing date, the seller apprised the buyer that the closing would take place on May 8, 1987, with "time of the essence". Prior to the May 8th closing date the purchaser moved by order to show cause to restrain the seller from declaring the purchaser in default or from disposing of the subject property. Alleging that the May 8th closing date was unreasonable, the purchaser subsequently commenced an action, *inter alia,* for specific performance of the contract or, in the alternative, for damages based on fraudulent inducement. The purchaser claimed that, prior to executing the contract, the seller had misrepresented his relationship with his neighbor, describing it as "friendly and courteous", had indicated

that a fence could be erected along the entire westerly boundary notwithstanding the existence of the claimed rights-of-way, and had stated that the rights-of-way were abandoned. The purchaser also claimed that the survey shown to him by the seller at this time was false because it did not indicate the original location of the earthen drive close to the dwelling and because the drives traversing the property did not appear to be leading to or from the Fernandez property. The seller claimed that the purchaser did not rely on any statements made by him, because the earthen drives are apparent to the eye on inspection of the property, and the purchaser had his own survey performed. Moreover, the purchaser had, prior to execution of the contract, obtained a title report which revealed the existence of the rights-of-way.

The seller interposed a counterclaim for damages based upon the purchaser's alleged default in failing to exercise his options under the contract, and claimed that the purchaser's actions were malicious, and intended to interfere with the seller's contract with a third party. The court granted the seller's motion for summary judgment on that counterclaim finding that the purchaser had defaulted under the contract entitling the seller to recover liquidated damages. The court vacated the temporary restraining order previously obtained by the purchaser and dismissed his complaint. The court also dismissed the seller's remaining counterclaims for damages based on tortious interference with another contract and for punitive damages. We now affirm.

The parties to a contract for the sale of real property may agree to restrict their liability for breach, or may agree that no damages will be payable at all once the status quo has been restored (see, S.E.S. Importers v Pappalardo, 53 NY2d 455, 466; Mokar Props. Corp. v Hall, 6 AD2d 536, 539). Implicit in such a limitation is the obligation to act in good faith (see, Mokar Props. Corp. v Hall, supra).

Here the purchaser claims that the seller did not act in good faith because he created the situation which gave rise to the litigation with Fernandez and did not act diligently in seeking a settlement. The purchaser also claims that the seller's insistence on being indemnified constituted an anticipatory breach of the contract. However, a review of the record reveals that the seller could not have settled the Fernandez action by giving to him a deed recognizing his claimed rights-of-way over the subject property without the consent of the purchaser who had a contractual interest in the property. If the purchaser wished to close title without prior settlement of

the Fernandez action it was not unreasonable for the seller to seek indemnification. The purchaser had the option of rescinding the contract or taking whatever title the seller could convey, and his failure to make any election constitutes a default by him under the terms of the contract *(see, Mancini-Ciolo, Inc. v Scaramellino,* 118 AD2d 761). The court could not grant the purchaser specific performance because the seller was unable to convey the property in accordance with the terms of the contract due to the intervention of third-party litigation entirely outside of the seller's control *(cf., Mokar Props. Corp. v Hall,* 6 AD2d 536, *supra).* Moreover, the court properly dismissed the purchaser's claims of fraud as the contract specifically precluded any reliance on representations not contained therein. The contract also contained a general merger clause precluding the purchaser's claims of reliance on oral representations *(see, Most v Monti,* 91 AD2d 606). Moreover, the remedy of rescission was available to the purchaser under the contract, yet he failed to avail himself of it. Neither does the record support the purchaser's claims of reliance on the seller's precontract representations *(cf., Tahini Invs. v Bobrowsky,* 99 AD2d 489).

Finally, we find that the court did not err in dismissing the seller's second and third counterclaims which were referrable to another contract. The action, or inaction, of the purchaser was referrable only to the contract between the parties, and the purchaser's liability was limited to the liquidated damages provision of the contract *(see, Stevenson Corp. v County of Westchester,* 113 AD2d 918). Moreover, it is well settled that an independent cause of action for punitive damages cannot be maintained *(see, Weir Metro Ambu-Service v Turner,* 57 NY2d 911). Thompson, J. P., Rubin, Sullivan and Balletta, JJ., concur.