■ LESLIE DOWNE, Respondent, v MARIE TREADWELL, Appellant, et al., Defendants.—In an action, *inter alia,* for specific performance of a contract for the sale of real property, the defendant Marie Treadwell appeals from a judgment of the Supreme Court, Westchester County (Donovan, J.), entered January 3, 1990, which granted the plaintiff's motion for summary judgment and awarded specific performance.

Ordered that the judgment is affirmed, with costs.

On July 19, 1986, the plaintiff, as buyer, and the defendant Marie Treadwell, as seller, entered into a contract for the purchase of real property. The contract contained a provision that in the event that the seller was unable to convey good title, the seller was entitled to a reasonable adjournment to remove such objections, but would not be compelled to bring any action or proceeding or incur any expense in order to render title marketable. In the event objections could not be removed, the buyer's remedies were limited to rescission of the contract and return of his down payment, or acceptance of such title as the seller could convey without abatement of the purchase price. At the closing, the parties discovered that a lis pendens had been filed against the property, and the plaintiff refused to close.

After negotiations with the third party who had filed the lis pendens failed, the plaintiff commenced the instant action. After initiation of the action, the plaintiff purchased from the third party the right to remove the lis pendens from the property. The plaintiff then moved for summary judgment, seeking specific performance of the contract of sale. The Supreme Court awarded the plaintiff buyer specific performance, and directed the appellant to deliver title to him.

We find that under the circumstances, and in view of the fact that all title objections have been removed, the plaintiff's motion for summary judgment for specific performance of the contract was properly granted *(see, S.E.S. Importers v Pappalardo,* 53 NY2d 455; *Cohn v Mezzacappa Bros.,* 155 AD2d 506; *Laws v Henrock Realty Corp.,* 82 AD2d 797).

We have reviewed the appellant's remaining contentions and find them to be either unpreserved for appellate review, or without merit. Thompson, J. P., Eiber, Miller and Ritter, JJ., concur.