JAMES R. BARNETT, Respondent-Appellant, v STAR MECHANI-
CAL CORPORATION et al., Appellants-Respondents.

Third Department, October 17, 1991

APPEARANCES OF COUNSEL

*Robert A. Ladanyi* for appellants-respondents.

*Oppenheim & Meltzer (Stephen L. Oppenheim* of counsel), for respondent-appellant.

## OPINION OF THE COURT

CASEY, J. P.

■ Defendants contend that Supreme Court erred in awarding plaintiff specific performance of a contract wherein defendant Star Mechanical Corporation agreed to sell certain real property to plaintiff. According to defendants, the existence of a liquidated damages clause in the contract precluded plaintiff from seeking specific performance. The clause at issue provides that: "In the event that the seller is unable to convey title in accordance with the terms of this contract, the sole liability of the seller will be to refund to the purchaser the amount paid on account of the purchase price and to pay the net cost of examining the title * * * and the net cost of any survey made in connection therewith incurred by the purchaser, and upon such refund and payment being made this contract shall be considered canceled." This provision related to procedural remedies only, and defined the relief available to the purchaser in the circumstances described in the clause, but it did not operate "to deprive this buyer of [his] right to go to court for a judicial resolution of the critical substantive issue—whether the seller could give good title—and in that action to seek specific performance by way of remedy should the court conclude that the seller could do so" *(S.E.S. Importers v Pappalardo,* 53 NY2d 455, 466). In short, the clause was inapplicable unless defendants were unable to convey title in accordance with the terms of the agreement *(see, Judnick Realty Corp. v 32 W. 32nd St. Corp.,* 61 NY2d 819, 822; *Voorheesville Rod & Gun Club v Tompkins Co.,* 158 AD2d 789, 792, *lv dismissed* 76 NY2d 888). The question, therefore, is whether defendants were "unable" to convey clear title.

The relevant title defect which served as an obstacle to closing concerned a mortgage given to Middletown Savings Bank by Star's predecessor in title.* The property was damaged by fire several years prior to the execution of the

---

* Because of a later deed of conveyance from Star to defendants Claudia Dunn and Margaret Pestone, they were also named as defendants in this action.

contract herein and a dispute arose between Star and its insurer, Aetna Casualty & Life Insurance Company, concerning Star's entitlement to the fire insurance proceeds. The dispute was ultimately settled, with Aetna to pay Star an agreed-upon amount. In complying with the settlement agreement, Aetna claimed an offset for the amount it had paid to Middletown to satisfy the mortgage. When it paid the mortgage debt, Aetna apparently obtained an assignment of the mortgage from Middletown for the purpose of protecting itself during the dispute with Star over the fire insurance proceeds. The assignment was never recorded. As a result of these transactions Middletown's mortgage appeared as a lien of record on the title report obtained by plaintiff as the prospective purchaser under the contract at issue here.

■ Star claims that it "made every conceivable effort to rectify the situation", but the record supports Supreme Court's finding that Star's failure to obtain a discharge of the mortgage was due more to Star's unwillingness to act than an inability to clear the title. Aetna and Star were involved in another dispute, unrelated to the mortgage or the earlier dispute over the fire insurance proceeds, with Aetna claiming that Star owed additional premiums on a comprehensive business insurance policy. The efforts by Star and its attorney during the relevant time period were directed at resolving this dispute. The court found that Aetna agreed to settle the dispute and to execute a satisfaction of the mortgage upon Star's payment of $8,500. Although Star initially agreed to Aetna's offer, it apparently elected not to follow through with the settlement and, therefore, Star did not have a satisfaction in suitable form for recording. These facts, however, do not establish that Star was unable to convey marketable title so as to invoke the liquidated damages clause of the contract with plaintiff. Although it appears that Star's mortgage debt was paid in full with money that Aetna ultimately agreed was part of the funds due to Star, there is nothing in the record to show that Star made any effort to clear the title through acts outside the scope of the negotiations to settle the unrelated insurance premium dispute with Aetna. For example, it does not appear that Star sought to challenge the validity of the assignment of the mortgage or otherwise sought discharge of the mortgage.

As the vendor, Star was under a duty to take affirmative action to convey a marketable title according to the contract *(see, Mokar Props. Corp. v Hall,* 6 AD2d 536, 539; *see also, Green Point Sav. Bank v Litas Investing Co.,* 124 AD2d 555,

557, *lv dismissed* 70 NY2d 693; *Pamerqua Realty Corp. v Dollar Serv. Corp.,* 93 AD2d 249). Star's unwillingness to pursue all reasonable methods to obtain marketable title is not the same as being unable to convey title in accordance with the terms of the contract *(see, Voorheesville Rod & Gun Club v Tompkins Co., supra,* at 792). Since Star has not shown that it was "unable" to convey marketable title, the liquidated damages clause did not become operative *(see, Judnick Realty Corp. v 32 W. 32nd St. Corp., supra,* at 822) and, therefore, the clause did not preclude plaintiff from seeking specific performance.

■ Although plaintiff is entitled to specific performance, we are of the view that Supreme Court erred in directing defendants to settle the unrelated premiums dispute with Aetna for $8,500 or to pay such sum as is necessary to satisfy the mortgage. The record suggests that Star has, in fact, paid the mortgage debt in full, and there may be other methods of obtaining the necessary discharge *(see, e.g.,* RPAPL 1921). Star's prior conduct shows it has considered the settlement of its unrelated premiums dispute with Aetna to be a reasonable method for securing the discharge, but since there are other methods of obtaining the discharge, we are of the view that the option as to which of these methods to pursue should be left to Star, so long as it proceeds with due diligence to obtain the discharge.

■ Defendants also appeal from an order denying their motion to dismiss the action as abandoned, pursuant to 22 NYCRR 202.48. A proposed judgment must be submitted within 60 days of the signing and filing of the decision directing that the judgment be submitted (22 NYCRR 202.48 [a]). "Failure to submit the * * * judgment timely shall be deemed an abandonment of the * * * action, unless for good cause shown" (22 NYCRR 202.48 [b]). The signing of an untimely judgment is within the discretion of the court, but "the party submitting it bears the burden of establishing the requisite 'good cause' for delay" *(Tuller v Tuller,* 162 AD2d 801, 801-802). Plaintiff's attorney submitted an affidavit alleging that the delay was the result of ongoing negotiations about the subject real estate transaction and the ability of the parties to close the transaction within the time limits set by Supreme Court. The court concluded that these negotiations constituted good cause for the delay, and we see no abuse of discretion in this conclusion.

Despite having found that plaintiff had good cause for the delay in submitting the proposed judgment, Supreme Court, on its own initiative in the same order, imposed a $7,500 sanction to be paid by plaintiff to defendants at closing. Plaintiff cross-appeals from that part of the order. The sanction was imposed because the court was of the view that "the defendants should not be permitted to loose *[sic]* earnings benefit from a timely closing of title". There is no authority for the imposition of a sanction in these circumstances *(see, Matter of A. G. Ship Maintenance Corp. v Lezak,* 69 NY2d 1, 6). Assuming that the court was attempting to act pursuant to 22 NYCRR part 130, there was no compliance with the procedural requirements of that rule. In any event, it would be patently inconsistent to conclude that plaintiff had good cause for the delay in submitting the judgment under 22 NYCRR 202.48, but that in so doing he had engaged in frivolous conduct under 22 NYCRR 130-1.1.

Supreme Court was obviously and understandably concerned and frustrated with the protracted nature of the litigation in what should have been a relatively uncomplicated action. Although there is no basis for the court's imposition of sanctions at this time, the parties should be aware that further delays will not be tolerated.

MIKOLL, YESAWICH, JR., LEVINE and CREW III, JJ., concur.

Ordered that the judgment is modified, on the law and the facts, without costs, by deleting the third and fourth decretal paragraphs; a decretal paragraph is added which reads as follows: "ORDERED, ADJUDGED and DECREED that defendant Star Mechanical Corporation proceed with due diligence to take any and all steps reasonable and necessary to convey title in accordance with the terms of the contract between said defendant and plaintiff James R. Barnett dated May 31, 1985;" and matter remitted to the Supreme Court to fix a time period within which defendant Star Mechanical Corporation shall comply with the requirements of the new decretal paragraph, and to fix a new closing date and the procedures to be employed at closing; and, as so modified, affirmed.

Ordered that the order is modified, on the law, without costs, by reversing so much thereof as imposed a sanction of $7,500 against plaintiff, and, as so modified, affirmed.