■ MARK MEENAGHAN, Plaintiff, v RECTOR STREET NOMINEE CORP. et al., Defendants and Third-Party Plaintiffs-Appellants. BV REALTY MANAGEMENT CORP., Third-Party Defendant-Respondent. [610 NYS2d 193] —Order, Supreme Court, New York County (Myriam Altman, J.), entered February 18, 1993, which granted third-party defendant's motion for summary judgment dismissing the third-party complaint, and order, same court and Justice, entered on or about May 25, 1993, which granted third-party plaintiffs' motion for reargument, and upon reargument adhered to the prior order, unanimously affirmed, with costs.

Since third-party defendant was named as an insured in third-party plaintiffs' insurance policy, and since a provision of that policy which might otherwise have excluded coverage for the underlying accident was negated by another provision which provided coverage for the liability assumed by third-party defendant in the third parties' building management contract, the third-party action was properly held barred by the rule against an insurer recovering from its own insured *(Pennsylvania Gen. Ins. Co. v Austin Powder Co.,* 68 NY2d 465). Third-party plaintiffs failed to raise a factual issue as to the alleged "abandonment" of the management contract, having merely submitted an affidavit suggesting that one of the purposes of the contract may have been undermined by the outcome of an earlier, unrelated litigation between two of the third-party plaintiffs not involving third-party defendant. The contract, by its express terms, could not be terminated without a writing *(see, Chemical Bank v Wasserman,* 37 NY2d 249; General Obligations Law § 15-301 [4]), and, in any event, both the conduct of the parties and the allegations of the third-

party complaint were inconsistent with an abandonment of the contract. Concur—Sullivan, J. P., Wallach, Rubin and Nardelli, JJ.