■ 2391 EQUITIES, INC., Appellant, v 611 FLATBUSH AVENUE REALTY Co., Respondent. [671 NYS2d 318] —In an action, *inter alia,* for specific performance of a contract for the sale of real property, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Dowd, J.), dated April 11, 1997, as denied its motion for summary judgment on the cause of action for specific performance of the contract.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the plaintiff's motion for summary judgment is granted.

The plaintiff and the defendant entered into a contract dated April 2, 1996, whereby the defendant agreed to sell certain real property to the plaintiff. The contract provided, *inter alia,* that until 12 noon on April 9, 1996, either party could cancel the contract by written notice to the attorneys for the other party. On April 9, 1996, the defendant attempted to orally cancel the contract of sale. The plaintiff thereafter commenced the instant action, *inter alia,* for specific performance of the contract.

The Supreme Court improperly denied the plaintiff's motion for summary judgment on the complaint. Contrary to the defendant's contention, the provision of the contract that notice of cancellation had to be in writing was not a "technical requirement" with which it need not comply (see, General Obligations Law § 15-301 [4]; *Kypreos v Spiridellis*, 124 AD2d 786, 788; *Meenaghan v Rector St. Nominee Corp.*, 202 AD2d 380; cf., *Azriliant v Eagle Chase Assocs.*, 213 AD2d 573; *Dellicarri v Hirschfeld*, 210 AD2d 584).

The defendant's contention that the plaintiff did not demonstrate that it was ready, willing, and able to perform is without merit (see, *Morey v Sings*, 174 AD2d 870). O'Brien, J. P., Thompson, Friedmann and Goldstein, JJ., concur.