■ In the Matter of ALLSTATE INSURANCE COMPANY, Respondent, v JOHN SLOMOWICZ et al., Appellants, et al., Additional Respondents. [728 NYS2d 179] —In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an uninsured motorist claim, John Slomowicz and Sara Slomowicz appeal from so much of an order of the Supreme Court, Kings County (Garry, J.), dated April 19, 2000, as, in effect, upon granting that branch of their motion which was to vacate a prior order of the same court, dated December 9, 1999, directing the petitioner to file a note of issue for a hearing, denied those branches of their motion which were to dismiss the proceeding as abandoned pursuant to 22 NYCRR 202.48, and as untimely commenced pursuant to CPLR 7503, and granted the petition.

Ordered that the order dated April 19, 2000, is modified by (1) deleting the provision thereof granting that branch of the motion which was to vacate the order dated December 9, 1999, and substituting a provision therefor denying that branch of the motion, (2) deleting the provision thereof denying that branch of the motion which was to dismiss the proceeding as untimely commenced pursuant to CPLR 7503, and (3) deleting the provision thereof granting the petition, and substituting a provision therefor granting the petition to the extent of directing a hearing on the issue of coverage and a determination as to whether the petition was timely commenced pursuant to CPLR 7503; as so modified, the order is affirmed insofar as appealed from, the order dated December 9, 1999, is reinstated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith, without costs or disbursements.

The appellants, John Slomowicz and Sara Slomowicz, were involved in a multi-vehicle accident. Asserting that the other vehicles involved in the accident were not insured, the appellants demanded arbitration of a claim for uninsured motorist benefits against their own insurance provider, the petitioner, Allstate Insurance Company (hereinafter Allstate). Allstate, asserting that all of the other vehicles involved in the accident were insured, commenced this proceeding to permanently stay arbitration.

On October 31, 1997, the Supreme Court directed Allstate to settle an order on notice, *inter alia*, directing a hearing as to coverage. However, for reasons that are not clear, the order drafted by Allstate pursuant to this directive was never signed by the court. By order dated December 9, 1999, the court directed Allstate to file a note of issue and certificate of readiness for the hearing. The appellants thereafter moved to vacate the order dated December 9, 1999, and to dismiss the proceeding. The appellants argued that the Supreme Court should not have issued the order dated December 9, 1999, but should have dismissed the proceeding as abandoned pursuant to 22 NYCRR 202.48 because Allstate failed to settle an order on notice within 60 days of the court's October 31, 1997, directive. Further, they argued, the proceeding was not timely commenced pursuant to CPLR 7503.

Allstate opposed, arguing that the proceeding was timely commenced and that it had not abandoned the proceeding, noting efforts it made during the relevant period of delay to settle the matter without the need for a hearing. In the order appealed from, the Supreme Court, in effect, granted that branch of the appellants' motion which was to vacate the order dated December 9, 1999, denied the branches of the motion which were to dismiss the proceeding as abandoned and untimely, and granted the petition. We modify.

In light of Allstate's efforts to settle this matter during the relevant period of delay, the Supreme Court properly denied that branch of the appellants' motion which was to dismiss the proceeding as abandoned pursuant to 22 NYCRR 202.48 (*see, Bythewood v 333 E. Broadway Owners Corp.,* 201 AD2d 604; *Barnett v Star Mech. Corp.,* 171 AD2d 142). However, the Supreme Court erred in granting the petition. The court did not explain the basis for granting that branch of the motion which was to vacate the order dated December 9, 1999, and no basis is apparent from the record. It does not appear that Allstate presented any new evidence on the issue of coverage in opposition to the appellants' motion to dismiss, and Allstate's

assertion on appeal that the appellants defaulted at the subsequently-scheduled hearing is based on facts dehors the record. Moreover, the order appealed from does not indicate that any issue was decided on default. In addition, it cannot be determined on this record whether the court properly denied that branch of the appellants' motion which was to dismiss the proceeding as untimely commenced pursuant to CPLR 7503 (*see, Allstate Ins. Co. v Bonilla,* 116 AD2d 571). Consequently, the matter is remitted to the Supreme Court, Kings County, for a hearing as to coverage, and a determination as to whether the proceeding was timely commenced pursuant to CPLR 7503. Ritter, J. P., Altman, McGinity, Smith and Cozier, JJ., concur.