■ PETER J. MARSH, Respondent, v ARIS CHRISTODOULOU et al., Appellants, et al., Defendant. [733 NYS2d 463] —In an action to compel the specific performance of a contract for the sale of real property, the defendants Aris and Marilena Christodoulou appeal from (1) an order of the Supreme Court, Suffolk County (D'Emilio, J.), dated March 22, 2000, which granted the plaintiff's motion for summary judgment and denied their cross motion for summary judgment dismissing the complaint insofar as asserted against them, (2) a judgment of the same court dated May 15, 2000, entered upon that order, and (3) an order of the same court dated July 12, 2000, which granted the plaintiff's motion to amend the order dated March 22, 2000, and the judgment to correct typographical errors contained therein.

Ordered that the appeal from the order dated March 22, 2000, is dismissed; and it is further,

Ordered that the judgment, as amended, and the order dated July 12, 2000, are affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The plaintiff, as purchaser, and the appellants, as sellers, entered into a contract for the sale of real property in April 1997. Paragraph 21 (b) (i) of the contract contained a provision that if the property was subject to an encumbrance which the appellants did not expressly agree to discharge, and the plaintiff was unwilling to waive the defect in title, the appellants had the right to unilaterally cancel the contract. The contract further provided that "notwithstanding the foregoing, the existing mortgage * * * shall be released, discharged or otherwise cured by [the appellants] at or prior to Closing."

In October 1997 the defendant Glenfed Financial Corporation, which held the existing mortgage, filed a lis pendens and commenced a mortgage foreclosure action. The appellants notified the plaintiff that they were canceling the contract of sale on the ground that Glenfed's mortgage foreclosure action precluded them from delivering title free of all encumbrances. The plaintiff commenced this action to compel specific performance, and the Supreme Court granted summary judgment to him.

The appellants contend that the filing of the lis pendens created an encumbrance and, since the plaintiff refused to waive it, they were therefore within their rights in canceling the contract. However, the contract expressly provides that the cancellation provision does not apply to encumbrances that the "seller has herein expressly agreed to remove, remedy or discharge." It is clear that the appellants agreed to release, discharge, or otherwise cure the existing mortgage prior to closing. Accordingly, under the circumstances, the Supreme Court properly granted the plaintiff's motion for summary judgment directing specific performance.

We note that, prior to the entry of judgment, the mortgage was satisfied. Accordingly, there was no bar to the transfer of title (*see, Downe v Treadwell,* 173 AD2d 673; *Laws v Henrock Realty Corp.,* 82 AD2d 797), and the provision of the judgment, as amended, directing the plaintiff to satisfy the mortgage from the purchase price in the event the mortgage is not satisfied by the appellants is academic.

The appellants' remaining arguments are unpreserved for appellate review or without merit. O'Brien, J. P., Altman, Goldstein and H. Miller, JJ., concur.