■ FRANCESCA NASO, Respondent, v IMDAD HAQUE et al., Appellants. [734 NYS2d 214] —In an action, *inter alia*, for specific performance of a contract for the sale of a condominium unit, the defendants appeal from an order of the Supreme Court, Richmond County (Minardo, J.), dated September 22, 2000, which granted that branch of the plaintiff's motion which was for summary judgment on her cause of action for specific performance of the contract.

Ordered that the order is affirmed, with costs.

Where, as here, a provision in a contract for the sale of real property provides that in the event the seller is unable to

convey title in accordance with the terms of the contract, the seller's obligation to the buyer is limited to refunding the amount payable on account of the purchase price and paying the net costs of examining title, that limitation "contemplates the existence of a situation beyond the control of the parties" and implicitly requires the seller to act in good faith (*Mokar Props. Corp. v Hall*, 6 AD2d 536, 539; *see, Progressive Solar Concepts v Gabes*, 161 AD2d 752). Contrary to the defendants' contention, the plaintiff established as a matter of law that the defendants failed to make a good faith effort to cure the title defects revealed by the title examination of the subject premises (*see, Progressive Solar Concepts v Gabes, supra; Mokar Props. Corp. v Hall, supra*).

Since the defendants' inability to convey marketable title was self-created, the remedy limitation clause in the contract of sale did not bar the plaintiff from seeking specific performance (*see, S.E.S. Importers v Pappalardo*, 53 NY2d 455, 466; *BGW Dev. Corp. v Mount Kisco Lodge No. 1552*, 247 AD2d 565, 568; *Kaufman v Haverstraw Rd. Lands*, 158 AD2d 675; *Mokar Props. Corp. v Hall, supra*). In light of the settlement agreement negotiated by the plaintiff pursuant to which the title defects have been cured, the Supreme Court properly granted the plaintiff specific performance of the contract (*see, S.E.S. Importers v Pappalardo, supra; Downe v Treadwell*, 173 AD2d 673; *Cohn v Mezzacappa Bros.*, 155 AD2d 506; *Green Point Sav. Bank v Litas Investing Co.*, 124 AD2d 555; *Glauber v P.S.F.B. Assocs.*, 89 AD2d 576; *Laws v Henrock Realty Corp.*, 82 AD2d 797). The defendants' argument that the plaintiff failed to show that she was ready, willing, and able to perform is without merit (*see, 2391 Equities v 611 Flatbush Ave. Realty Co.*, 249 AD2d 463; *Morey v Sings*, 174 AD2d 870). Santucci, J. P., Krausman, Luciano and Feuerstein, JJ., concur.