■ 9 Brothers Building Supply Corp., Appellant, v Theresa Buonamicia et al., Respondents. [751 NYS2d 35] —In an action, inter alia, for specific performance of a contract for the sale of real property, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Henry, J.), dated June 26, 2001, as granted the cross motion of the defendant Theresa Buonamicia for summary judgment dismissing the complaint insofar as asserted against her, and upon searching the record, dismissed the complaint against the defendant Diego Cuervo.

Ordered that the order is reversed insofar as appealed from, on the law, the cross motion is denied, and the complaint is reinstated; and it is further,

Ordered that upon searching the record, summary judgment is granted to the plaintiff on the issue of liability as against the defendant Theresa Buonamicia; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

In December 1999, the plaintiff entered into a contract with the defendant Theresa Buonamicia to purchase a parcel of real property. After a title search revealed that the owner of record was the defendant Diego Cuervo, it was discovered that Buonamicia had mistakenly conveyed the parcel to Cuervo as part of

an earlier transaction. Buonamicia then attempted to cancel the contract with the plaintiff on the ground that she could not convey clear title. The plaintiff refused to accept the cancellation and stated that it was willing to wait for title to be cleared. After discovering that Buonamicia subsequently sold the subject premises to Cuervo, the plaintiff commenced this action against Buonamicia and Cuervo, seeking specific performance or damages for breach of contract. The plaintiff moved to strike Buonamicia's answer for failure to comply with discovery. Buonamicia cross-moved to dismiss the complaint insofar as asserted against her, claiming that the plaintiff's sole remedy pursuant to the terms of the contract was a refund of the down payment and any expenses incurred in the title search. In opposition, the plaintiff asserted that Buonamicia failed to make a good-faith effort to deliver a clear title and therefore could not rely on the liability limiting provisions of the contract. The Supreme Court denied the plaintiff's motion to strike Buonamicia's answer and granted Buonamicia's cross motion dismissing the complaint insofar as asserted against her. The Supreme Court also dismissed the complaint insofar as asserted against Cuervo after searching the record pursuant to CPLR 3212 (b). We reverse.

A limitation conditioned on the inability to convey title contemplates the existence of a situation beyond the control of the parties (*see Mokar Props. Corp. v Hall,* 6 AD2d 536, 539). Thus, if the seller is able with the reasonable expenditure of money and effort to remedy defects in title and neglects or refuses to do so, he or she has not acted in good faith and cannot then limit damages by hiding behind self-created or easily-scaled barriers (*see Progressive Solar Concepts v Gabes,* 161 AD2d 752, 753; *Mokar Props. Corp. v Hall, supra* at 539-540).

The record demonstrates that Buonamicia failed to make a good-faith effort to deliver title pursuant to the terms of the contract and thereby breached the contract of sale (*see Naso v Haque,* 289 AD2d 309; *Barnett v Star Mech. Corp.,* 171 AD2d 142, 145-146). Consequently, the Supreme Court erred in granting summary judgment dismissing the complaint insofar as asserted against her. Moreover, upon searching the record (*see* CPLR 3212 [b]), we find that the plaintiff is entitled to summary judgment on the issue of liability against Buonamicia for breach of the implied covenant of good faith and fair dealing (*see 1-10 Indus. Assoc. v Trim Corp. of Am.,* 297 AD2d 630; *Progressive Solar Concepts v Gabes, supra*; *Mokar Props. Corp. v Hall, supra*). In view of the foregoing, we also reinstate the complaint insofar as asserted against Cuervo. Smith, J.P., McGinity, Luciano and Crane, JJ., concur.