■ Bosco, Bisignano & Mascolo, Esqs., LLP, Appellant, v Galina A. Turyan, Respondent. [779 NYS2d 125]—

In an action for specific performance of a contract for the sale of real property, the plaintiff appeals from (1) an order of the Supreme Court, Richmond County (Gigante, J.), dated September 17, 2003, which granted that branch of the defendant's motion which was to permit discovery after the note of issue was filed, and (2) an order of the same court (Maltese, J.), dated October 20, 2003, which denied its motion for summary judgment.

Ordered that the appeal from the order dated September 17, 2003, is dismissed as academic; and it is further,

Ordered that the order dated October 20, 2003, is reversed, on the law, the motion is granted, and the matter is remitted to the Supreme Court, Richmond County, for the entry of a judgment in favor of the plaintiff and against the defendant directing specific performance of the contract; and it is further,

Ordered that one bill of costs is awarded to the appellant.

In April 2002 the parties entered into a contract whereby the defendant agreed to sell and the plaintiff agreed to buy certain real property in Staten Island. The defendant accepted the plaintiff's down payment check which her attorney held in escrow. The contract provided that the closing was scheduled to occur on or about December 1, 2002.

After the scheduled closing date passed, the plaintiff sent a letter to the defendant declaring "time to be of the essence" for a closing on January 31, 2003. The defendant failed to close on

that date, and attempted to return the down payment to the plaintiff on the ground that she could not convey marketable title. The defendant asserted in her affidavit that she was unable to convey title because she received a better offer. The plaintiff refused to accept the refund of its down payment, and commenced this action for specific performance of the contract. The plaintiff moved for summary judgment. The Supreme Court denied the motion on the basis that triable issues of fact exist. We reverse.

The plaintiff demonstrated its prima facie entitlement to judgment as a matter of law. Where a provision in a contract for the sale of real property limits the seller's liability to refund all money paid on account of the purchase price if the seller is unable to convey title, that limitation " 'contemplates the existence of a situation beyond the control of the parties' and implicitly requires the seller to act in good faith" (*Naso v Haque*, 289 AD2d 309, 310 [2001], quoting *Mokar Props. Corp. v Hall*, 6 AD2d 536, 539 [1958]). The plaintiff established that the defendant had the ability to convey good and marketable title to the property. In opposition, the defendant failed to raise a triable issue of fact. Since the plaintiff established that it was ready, willing, and able to close, it was entitled to specific performance of the contract (*see Cohn v Mezzacappa Bros.*, 155 AD2d 506 [1989]).

In light of the foregoing determination, the appeal from the order dated September 17, 2003, which granted that branch of the defendant's motion which was to permit discovery after the note of issue had been filed, is dismissed as academic. Florio, J.P., Adams, Cozier and Lifson, JJ., concur.