■ Azzy Reckess, Appellant, v Jane H. Goldman et al., Respondents. [784 NYS2d 879]—

In an action for specific performance of a contract for the sale of real property, the plaintiff appeals from so much of an order of the Supreme Court, Dutchess County (Brands, J.), dated August 12, 2003, as granted the defendants' motion for summary judgment dismissing the complaint and to vacate a notice of pendency.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is denied, the complaint and the notice of pendency are reinstated, and upon searching the

record, summary judgment is granted to the plaintiff for specific performance of the contract of sale.

The defendants failed to establish their entitlement to summary judgment dismissing the complaint by demonstrating the absence of a triable issue of fact regarding the plaintiff's purported waiver of specific performance (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]). In opposition, the plaintiff demonstrated that he was ready, willing, and able to close (*see Cohn v Mezzacappa Bros.*, 155 AD2d 506 [1989]).

A limitation of remedies conditioned on the inability to convey title necessarily contemplates the existence of a situation beyond the control of the parties (*see Bosco, Bisignano & Mascolo, Esqs., LLP v Turyan*, 8 AD3d 418 [2004]; *Mokar Props. Corp. v Hall*, 6 AD2d 536, 539 [1958]). Although a purchaser of real property can waive the right to specific performance in the event of the seller's willful default, such a waiver can be accomplished only by an explicit provision in the contract of sale (*see S.E.S. Importers v Pappalardo*, 53 NY2d 455, 468 [1981]). Reading the purported waiver here in its context (*see Matter of Friedman*, 64 AD2d 70, 81 [1978]; *see Eighth Ave. Coach Corp. v City of New York*, 286 NY 84, 88 [1941]; *Atwater & Co. v Panama R.R. Co.*, 246 NY 519 [1927]; *Becker v Frasse & Co.*, 255 NY 10 [1930]), and construing any ambiguity against the defendants as the drafters of the agreement (*see Matter of Cowen & Co. v Anderson*, 76 NY2d 318 [1990]), the plaintiff's purported waiver of specific performance applied only if the defendants were unable to convey marketable title. The defendants did not dispute, however, that they could convey good and marketable title and, further, failed to offer any legitimate reason for their apparently willful default. Accordingly, the defendants could not invoke that provision of the contract of sale to defeat the plaintiff's claim (*see Naso v Haque*, 289 AD2d 309 [2001]; *9 Bros. Bldg. Supply Corp. v Buonamicia*, 299 AD2d 529 [2002]; *Barnett v Star Mech. Corp.*, 171 AD2d 142, 145-146 [1991]; *Progressive Solar Concepts v Gabes*, 161 AD2d 752, 753 [1990]; *Mokar Props. Corp. v Hall, supra* at 539-540). Consequently, the Supreme Court erred in granting their motion for summary judgment dismissing the complaint and to vacate the notice of pendency.

Moreover, upon searching the record (*see* CPLR 3212 [b]), we find that the plaintiff was entitled to summary judgment for specific performance of the contract of sale (*see 9 Bros. Bldg. Supply Corp. v Buonamicia, supra* at 530; *1-10 Indus. Assoc. v Trim Corp. of Am.*, 297 AD2d 630 [2002]; *Progressive Solar*

*Concepts v Gabes, supra; Mokar Props. Corp. v Hall, supra*).
Prudenti, P.J., Ritter, H. Miller and Spolzino, JJ., concur.