■ BRIAN ANDERSEN, Appellant, v LYNN FERDINAND, Respondent, et al., Defendants. [792 NYS2d 337]—

In an action, inter alia, for specific performance of a contract for the sale of real property, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Oliver, J.), dated June 29, 2004, which denied his cross motion for summary judgment and granted the motion of the defendant Lynn Ferdinand pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against her.

Ordered that the order is affirmed, with costs.

The parties to a contract for the sale of real property may agree, as they did here, to restrict the liability resulting from a breach, or may agree that no damages will be payable at all

once the status quo ante has been restored (*see Cipriano v Glen Cove Lodge #1458, B.P.O.E.,* 297 AD2d 649, 652 [2002], *mod* 1 NY3d 53 [2003]; *Progressive Solar Concepts v Gabes,* 161 AD2d 752, 753 [1990]; *Calligar v Fradkoff,* 154 AD2d 495, 497 [1989]; *Mokar Props. Corp. v Hall,* 6 AD2d 536, 539 [1958]). However, an obligation to act in good faith will be implied should the seller wish to avail herself of such limitation of liability provision, which "contemplates the existence of a situation beyond the control of the parties" (*9 Bros. Bldg. Supply Corp. v Buonamicia,* 299 AD2d 529, 530 [2002]).

The defendant acted at all times in good faith (*see Cipriano v Glen Cove Lodge #1458, B.P.O.E., supra; Calligar v Fradkoff, supra* at 497-498). We agree with the Supreme Court that the objection to title was not a "self-created or easily scaled barrier" that could be remedied by a "reasonable expenditure of money" (*9 Bros. Bldg. Supply Corp. v Buonamicia, supra* at 530).

The plaintiff's remaining contentions are without merit. Schmidt, J.P., Goldstein, Crane and Fisher, JJ., concur.