■ EMPTAGE & ASSOCIATES, INC., Appellant, v CAPE HAMPTON, LLC, et al., Respondents. [799 NYS2d 525]—

In an action, inter alia, for specific performance of a contract for the sale of real property, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Pitts, J.), dated October 28, 2003, as denied its cross motion for summary judgment on its second cause of action for specific performance and granted those branches of the separate cross motions of the defendant Cape Hampton, LLC, and the defendants Rubiela Garcia and Maria Noriela Garcia, which were to dismiss the first, second, and third causes of action.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

Parties to a contract for the sale of real property may agree, as they did here, to restrict the liability resulting from a breach, or may agree that no damages will be payable at all once the status quo ante has been restored (*see Progressive Solar Concepts v Gabes*, 161 AD2d 752, 753 [1990]; *Calligar v Fradkoff*, 154 AD2d 495, 497 [1989]; *Mokar Props. Corp. v Hall*, 6 AD2d 536, 539 [1958]). However, in the event of an inability to convey good title, a seller must act in good faith should it wish to avail itself of such a limitation of liability provision (*see Cipriano v Glen Cove Lodge #1458, B.P.O.E.*, 1 NY3d 53 [2003]; *Progressive Solar Concepts v Gabes, supra*; *Calligar v Fradkoff, supra*; cf. *9 Bros. Bldg. Supply Corp. v Buonamicia*, 299 AD2d 529, 530 [2002]; *Mokar Props. Corp. v Hall, supra*). Furthermore, such a provision "contemplates the existence of a situation beyond the control of the parties" (*9 Bros. Bldg. Supply Corp. v Buonamicia, supra* at 530; *see Mokar Props. Corp. v Hall, supra*).

The Supreme Court properly concluded that the defendant seller, Cape Hampton, LLC (hereinafter Cape Hampton), acted in good faith and was unable to convey good title. The evidence showed that Cape Hampton believed that the contract of sale with its tenant could not go forward due to financing difficulties, and therefore it contracted to sell the premises to Emptage

& Associates, Inc. (hereinafter Emptage). Only after executing a contract with Emptage did Cape Hampton learn that its tenant, having during the interim resolved her financing issues, still wished to close on the premises. Upon commencement of an action by its tenant for specific performance and the filing of the notice of pendency, Cape Hampton tried unsuccessfully to dismiss the action. Once Cape Hampton's efforts to remove the defect in title proved to be unsuccessful, it was entitled to rely on the provision in the contract limiting its liability. On these facts, Cape Hampton made reasonable efforts to convey good title and acted in good faith (*see Cipriano v Glen Cove Lodge #1458, B.P.O.E., supra; Calligar v Fradkoff, supra* at 497-498). When Emptage refused to make an election of remedies, i.e., accept title with a cloud or return of its down payment, it defaulted and the contract was terminated (*see Progressive Solar Concepts v Gabes, supra; Calligar v Fradkoff, supra* at 498; *see also Eckel v Francis,* 5 AD3d 719, 721-722 [2004]).

Accordingly, the Supreme Court properly denied Emptage's cross motion for summary judgment on its second cause of action, and properly granted those branches of the defendants' cross motions which were to dismiss the first and second causes of action. Given the merger clause in the contract, Emptage's third cause of action alleging fraud was also properly dismissed (*see Calligar v Fradkoff, supra*). Schmidt, J.P., Goldstein, Crane and Fisher, JJ., concur.