■ CARLOS SEVILLA et al., Respondents, v EFSTATHIOS VALIOTIS, Appellant. [815 NYS2d 229]—

In an action, inter alia, for specific performance of a contract for the sale of real property, the defendant appeals from an order of the Supreme Court, Queens County (Satterfield, J.), dated

January 5, 2005, which granted the plaintiffs' motion for summary judgment on the cause of action seeking specific performance of the contract.

Ordered that the order is affirmed, with costs.

In April 2004 the plaintiffs entered into a contract with the defendant to purchase a condominium apartment. After a title search revealed that the owner of record was the defendant's defunct partnership, Victoria Hall Associates, the original sponsor of the condominium offering plan, the defendant attempted to cancel the contract with the plaintiffs on the ground that he could not convey clear title. The plaintiffs refused to accept cancellation and took the position that the defendant had the authority to sell the property on behalf of Victoria Hall Associates, as he had done so in the past. When the defendant still refused to close, the plaintiffs commenced this action seeking, inter alia, specific performance of the contract. Shortly thereafter, the plaintiffs moved for summary judgment. The Supreme Court granted the motion. We affirm.

Where, as here, a provision in the contract provides that in the event that the seller cannot convey a clear title, the seller may refund the buyer's deposit, terminate the contract, and the buyer shall have no further claims against the seller, "that limitation 'contemplates the existence of a situation beyond the control of the parties' and implicitly requires the seller to act in good faith" (*Naso v Haque*, 289 AD2d 309, 310 [2001], quoting *Mokar Props. Corp. v Hall*, 6 AD2d 536, 539 [1958]; *see Bosco, Bisignano & Mascolo, Esqs., LLP v Turyan*, 8 AD3d 418, 419 [2004]; *9 Bros. Bldg. Supply Corp. v Buonamicia*, 299 AD2d 529 [2002]). Contrary to the defendant's contention, the plaintiff established as a matter of law that the defendant failed to make a good faith effort to cure the title defects revealed by the title examination of the condominium apartment (*see 9 Bros. Bldg. Supply Corp. v Buonamicia, supra; Naso v Haque, supra*). Accordingly, the Supreme Court properly granted the plaintiffs' motion for summary judgment on the specific performance cause of action. Goldstein, J.P., Mastro, Rivera and Lunn, JJ., concur.