■ DAVID CHIRLS et al., Respondents, v KEITH HALL et al., Appellants. [824 NYS2d 433]—In an action for specific performance of a contract for the sale of real property, the defendants appeal from (1) an order of the Supreme Court, Kings County (Douglass, J.), dated May 2, 2005, (2) an order and judgment (one paper) of the same court dated June 15, 2005, which, inter alia, granted the plaintiffs' motion for summary judgment, directed specific performance of the contract, and denied their cross motion for summary judgment dismissing the complaint, and (3) a decision of the same court dated July 26, 2005.

Ordered that the appeals from the order dated May 2, 2005 and the decision are dismissed; and it is further,

Ordered that the order and judgment dated June 15, 2005 is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The appeal from the intermediate order dated May 2, 2005 must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order dated May 2, 2005 are brought up for review and have been considered on the appeal from the order and judgment (*see* CPLR 5501 [a] [1]).

The appeal from the decision must be dismissed as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]).

A valid and enforceable contract of sale existed between the parties as of October 21, 2002 (*see 219 Broadway Corp. v Alexander's, Inc.*, 46 NY2d 506, 513 [1979]; *Daimon v Fridman*, 5 AD3d 426 [2004]). Moreover, the plaintiffs established their entitlement to specific performance by demonstrating that they were ready, willing, and able to close on the subject real property (*see Backer v Bouza Falco Co.*, 28 AD3d 503 [2006]; *Bosco, Bisignano & Mascolo, Esqs., LLP v Turyan*, 8 AD3d 418 [2004]). In opposition to the plaintiffs' motion, the defendants failed to raise a triable issue of fact.

The defendants' remaining contentions either are not preserved for appellate review, not properly before this Court, or need not be addressed in light of our determination. Santucci, J.P., Mastro, Fisher and Dillon, JJ., concur.