■ JOHN THOMPSON et al., Respondents, v JENNY RAMPERSAUD, Appellant. [851 NYS2d 600]—

In an action, inter alia, for specific performance of a contract for the sale of real property, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Polizzi, J.), dated January 12, 2006, as granted the plaintiffs' motion for leave to renew that branch of their prior motion which was for summary judgment on so much of the complaint as sought specific performance, which had been previously denied in an order of the same court dated June 23, 2005, and, upon renewal, in effect, granted that branch of the plaintiffs' prior motion.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant is the owner of real property located in Far Rockaway, New York. On October 21, 2003 she entered into a contract with the plaintiffs for the sale of the property, which provided that the plaintiffs had 45 days to obtain a mortgage commitment. On or about November 25, 2003 the defendant encumbered title when she pledged the property as security for a bail bond for a relative against whom federal charges were pending. As a result, she was not able to convey marketable title to the property.

In March 2004 the plaintiffs commenced this action for specific performance of the contract, or in the alternative, if specific performance could not be had, to recover damages for breach of contract. The plaintiffs subsequently moved for summary judgment on the complaint.

In an order dated June 23, 2005, the Supreme Court concluded that the defendant had breached the contract when she used the property as security for the bail bond, thereby encumbering title. However, since the plaintiffs had not shown that the defendant was able, at that time, to remove the encumbrance and convey the property as required for specific performance, the court granted summary judgment on so much of the complaint as sought to recover damages for breach of contract. Thereafter, when the plaintiffs learned that the defendant's relative had been convicted of the federal charges, they moved for leave to renew that branch of their prior motion which was for summary judgment on so much of the complaint as sought specific performance. The Supreme Court granted the motion for leave to renew and, in effect, granted that branch of the prior motion which was for summary judgment on so much of the complaint as sought specific performance.

A seller of real property may not, after entering into a contract for its sale, encumber the property to the purchaser's disadvantage. By so doing, the seller breaches the contract (*see F & F Rest. Corp. v Wells, Goode & Benefit*, 61 NY2d 496, 502 [1984]; *Naso v Haque*, 289 AD2d 309 [2001]; *Green Point Sav. Bank v Litas Inv. Co.*, 124 AD2d 555, 557 [1986]). Consequently, the Supreme Court properly determined that the plaintiffs were entitled to summary judgment.

Upon renewal, the plaintiffs demonstrated that the subject of the bail bond had been convicted and sentenced, and the property could be released as security. Thus, upon renewal, the Supreme Court properly, in effect, granted summary judgment on so much of the complaint as sought specific performance (*see S.E.S. Importers v Pappalardo*, 53 NY2d 455, 464 [1981]; *Backer v Bouza Falco Co.*, 28 AD3d 503, 505 [2006]; *Cheemanlall v*

*Toolsee*, 17 AD3d 392, 393 [2005]; *EMF Gen. Contr. Corp. v Bisbee*, 6 AD3d 45, 51 [2004]; *Piga v Rubin*, 300 AD2d 68, 69 [2002]; *Naso v Haque*, 289 AD2d at 310; *cf. Kamerman v De La Vina*, 290 AD2d 537 [2002]; *Stutzmann Realty v Petralia*, 160 AD2d 994, 995 [1990]). Crane, J.P., Rivera, Angiolillo and Dickerson, JJ., concur.