■ ALEXANDER INVESTORS, LLC, Formerly Known as ALEXANDER INVESTMENTS, LLC, Respondent, v 3 CROSS STREET CO., L.P., et al., Appellants. [53 NYS3d 353]—

In an action, inter alia, to recover damages for breach of contract and for specific performance of a contract to deliver title to two condominium units to the plaintiff, the defendants 3 Cross Street Co., L.P., and Sanford Kryger appeal from a judgment of the Supreme Court, Rockland County (Loehr, J.), dated January 29, 2015, which, upon an order of the same court dated October 14, 2014, as, in effect, amended by an order of the same court dated December 4, 2014, granting the plaintiff's motion for summary judgment on the causes of action to recover damages for breach of contract and for specific performance of a contract to deliver title to two condominium units to the plaintiff and denying the cross motion of defendants 3 Cross Street Co., L.P., and Sanford Kryger for summary judgment dismissing the complaint insofar as asserted against them, is in favor of the plaintiff and against the defendant Sanford Kryger in the total sum of $680,057.53, and which directed the defendant 3 Cross Street Co., L.P., to transfer title to two condominium units to the plaintiff, and the defendant LK Suffern Properties, LLC, separately appeals, as limited by its brief, from so much of the judgment as directed the defendant 3 Cross Street Co., L.P., to transfer title to two condominium units to the plaintiff.

Ordered that the judgment is affirmed, with one bill of costs to the plaintiff payable by the appellants appearing separately and filing separate briefs.

The defendant 3 Cross Street Co., L.P. (hereinafter Cross Street), is a limited partnership which was formed to develop a residential condominium project. Pursuant to an amendment to the partnership agreement entered into between, among others, the plaintiff and the defendant Sanford Kryger, in consideration of a $400,000 capital contribution to Cross Street,

the plaintiff was entitled to "receive immediately upon their completion title to two (2) penthouse condominium units at the Property as he shall select." Pursuant to another amendment to the partnership agreement dated January 4, 2009, Kryger agreed to assume responsibility to pay to the plaintiff the principal of a note owed by a departing partner in the sum of $300,000, together with interest in the agreed-upon sum of $100,000.

The plaintiff commenced this action seeking, inter alia, specific performance of Cross Street's agreement to transfer to it title to two condominium units, and to recover damages for Kryger's breach of the agreement to assume responsibility to pay the principal of the note to the plaintiff. In support of its motion for summary judgment on those causes of action, the plaintiff established, first, that the condominium units have been completed and that title to the units selected by the plaintiff had not been transferred to it, despite demand therefor. This showing that Cross Street was in breach of the provision of the amended partnership agreement, which entitled the plaintiff to title to two condominium units "immediately upon their completion," established the plaintiff's prima facie entitlement to judgment as a matter of law on its cause of action for specific performance of that agreement (see *Plechnaya v Dolub*, 305 AD2d 569 [2003]).

In opposition to the plaintiff's motion and in support of their cross motion, Cross Street and Kryger alleged that they were unable to transfer title to the units to the plaintiff because a building loan mortgage agreement required the mortgagee's consent before title to any of the condominium units could be transferred. The subject building loan mortgage agreement, which was entered into after the partnership agreement had been amended to entitle the plaintiff to two condominium units, was assigned to the defendant LK Suffern Properties, LLC (hereinafter LK Suffern), which did not consent to the transfer because the mortgage was in default. Cross Street contended that LK Suffern's refusal to consent was an impediment to the transfer of title to the units which was out of its control, and which defeated the plaintiff's entitlement to specific performance. LK Suffern also contended that the plaintiff was not entitled to specific performance, based on its lack of consent to the transfer of title to the condominium units at issue.

However, the alleged inability of Cross Street to convey title because of the mortgage lien on the units is insufficient to raise a triable issue of fact in opposition to the plaintiff's motion or to establish, in support of the cross motion of Cross

Street and Kryger, prima facie entitlement to judgment as a matter of law. Cross Street and Kryger failed to demonstrate that they could not obtain the consent necessary to release the mortgage liens on the subject condominium units by paying LK Suffern the sum necessary to procure its consent (*see Thompson v Rampersaud*, 47 AD3d 920, 921 [2008]; *Sevilla v Valiotis*, 29. AD3d 775, 776 [2006]; *9 Bros. Bldg. Supply Corp. v Buonamicia*, 299 AD2d 529, 530 [2002]; *Naso v Haque*, 289 AD2d 309, 310 [2001]; *Green Point Sav. Bank v Litas Inv. Co.*, 124 AD2d 555, 557 [1986]). Cross Street's unwillingness to make the payment necessary to obtain LK Suffern's consent to transfer title is not the equivalent of an inability to do so (*see Barnett v Star Mech. Corp.*, 171 AD2d 142, 146 [1991]). Therefore, since the defendants failed to raise a triable issue of fact in response to the plaintiff's prima facie showing of entitlement to judgment as a matter of law, the plaintiff was properly granted summary judgment on its specific performance cause of action (*see W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 164 [1990]).

The plaintiff also established its prima facie entitlement to judgment as a matter of law on its cause of action to recover damages for breach of contract based on Kryger's assumption of responsibility for repayment of the note in the principal sum of $300,000, with agreed-upon interest in the sum of $100,000. In opposition, Kryger did not raise a triable issue of fact, and failed to establish entitlement to any offsets of the amount due. Therefore, that branch of the plaintiff's motion which was for summary judgment on this cause of action against Kryger was properly granted (*see Brennan v Shapiro*, 12 AD3d 547, 548-549 [2004]). Moreover, the Supreme Court properly awarded the plaintiff statutory interest to run from January 4, 2009, the date that Kryger assumed responsibility for repayment of the note (*see* CPLR 5501).

Since Cross Street and Kryger failed to make a prima showing of entitlement to judgment as a matter of law, their cross motion for summary judgment dismissing the complaint was properly denied regardless of the sufficiency of the opposing papers (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

The parties' remaining contentions are without merit. Rivera, J.P., Cohen, Miller and Brathwaite Nelson, JJ., concur.