In an action to foreclose a mortgage, the defendant Rosarie Yonkus appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Butler, J.), entered September 29, 2015, as granted the plaintiff’s motion for summary judgment on the complaint insofar as asserted against her, struck and dismissed her answer and affirmative defenses, and denied her cross motion to dismiss the complaint.
 

 Ordered that the order is affirmed insofar as appealed from, with costs.
 

 The plaintiff, an assignee of the subject note, commenced this foreclosure action on December 15, 2009. The defendant Rosarie Yonkus (hereinafter the defendant) answered pro se, generally denying all the allegations of the complaint and raising several affirmative defenses. The plaintiff initially moved for summary judgment in July 2010. In an order dated September 30, 2010, the Supreme Court granted the unopposed motion and directed the plaintiff to settle order on notice. In November 2010, the plaintiff filed a notice of settlement and proposed order. Thereafter, in February 2013, upon learning that the first notice and proposed order had been “misplaced,” the plaintiff submitted a second notice of settlement and proposed order. In an order entered May 6, 2013, the court refused to sign the proposed order for failure to include an attorney affirmation certifying document accuracy in compliance with Administrative Order AO/431/11 of the Chief Administrative Judge of the Courts. In July 2014, the plaintiff filed the requisite affirmation, and in September 2014, it filed a second motion for summary judgment. The defendant opposed the motion and cross-moved for dismissal, arguing that the plaintiff had failed to file a notice of settlement within 60 days of the 2010 order that had granted its first motion for summary judgment, and that the action should be dismissed as having been abandoned. Contrary to the defendant’s contention, the court properly denied her cross motion.
 

 22 NYCRR 202.48 provides that “[p]roposed orders or judgments, with proof of service on all parties where the order is directed to be settled or submitted on notice, must be submitted for signature, unless otherwise directed by the court, within 60 days after the signing and filing of the decision directing that the order be settled or submitted” (22 NYCRR 202.48 [a]), and that “[failure to submit the order or judgment timely shall be deemed an abandonment of the motion or action, unless for good cause shown” (22 NYCRR 202.48 [b]).
 

 Here, the initial order granting the motion for summary judgment, dated September 30, 2010, directed the plaintiff to “[s]ettle order.” Thus, pursuant to 22 NYCRR 202.48 (a), the plaintiff was required to submit a notice of settlement and proposed order within 60 days thereafter, i.e., by the end of the day on November 19, 2010. In fact, the plaintiff filed the notice and proposed order on November 17, 2010, two days before the expiration of its time to do so pursuant to 22 NYCRR 202.48 (a), as evidenced by a copy of the notice, stamped by the Queens County Clerk as received at 3:06 p.m. that day.
 

 Any events that may have transpired thereafter to delay settlement of the order did not implicate 22 NYCRR 202.48. Moreover, it is apparent from the procedural history that the delay in entry of the judgment of foreclosure and sale was due to procedural irregularities, and not abandonment by the plaintiff (see Waterfall Victoria Mtge. Trust 2011-1 REO, LLC v Mercado, 105 AD3d 734 [2013]; Federal Home Loan Mtge. Corp. v Gebman, 295 AD2d 470, 470-471 [2002]; Matter of Allstate Ins. Co. v Slomowicz, 285 AD2d 501, 502 [2001]).
 

 By failing to raise the issue of the plaintiff’s standing to commence the action by way of specific denials in her answer, by raising lack of standing as an affirmative defense, or by making a pre-answer motion to dismiss based on lack of standing, the defendant waived the issue (see CPLR 3018 [b]; Emigrant Bank v Marando, 143 AD3d 856, 857 [2016]; South Point, Inc. v Rana, 139 AD3d 935, 935-936 [2016]).
 

 The defendant’s remaining contentions are without merit.
 

 Rivera, J.R, Dillon, Connolly and Iannacci, JJ., concur.