Memorandum. Final judgment in favor of respondent, affirmed, without costs.
After a lengthy decision (Mount Vernon Housing Auth. v McCoy, 79 Misc 2d 472) the trial court dismissed the petition, "without prejudice to reinstate the same after a proper constitutional foundation has been laid” (id., p 479). The trial court concluded that petitioner did not follow procedural due process guidelines for increasing the rent of the tenant and also found that the purported notice of termination was ineffective. It is with the first conclusion that we disagree.
A notice was sent to the tenants on June 5, 1974 advising them that due to the increase in certain enumerated costs, the housing authority was considering raising the rents. The "comments” of the tenants were solicited and they were informed that they could have the assistance of counsel in the preparation of any such written comments (notice set forth at *858 Mount Vernon Housing Auth. v McCoy, 360 NYS2d 186, 195). Tenants were afforded 14 days to voice their comments.
In Burr v New Rochelle Municipal Housing Auth. (479 F2d 1165, 1170) the court set forth the following procedural guidelines to be followed prior to any rent increase coming into effect, to wit: "Notice of the proposed increase in rent shall be served well in advance of the date for the increase. Opportunity for filing written objections shall be given * * * The tenants or their representatives shall have the right to submit any material they consider relevant to disprove the need for the rent increase. Finally, the Review Board upon reaching a decision shall issue a statement outlining the reasons for either approving or rejecting the requested rent increase. The tenants may of course be represented by counsel.”
It is the opinion of this court that the notices of June 5 and June 27, 1974 did comply with the procedural guidelines set forth in the Burr decision. The June 5 notice afforded the tenants 14 days within which to set forth their comments. We therefore conclude that a finding as a matter of law that 14 days is not sufficient time to respond to the proposed increase, was erroneous. In our opinion, the term, "comments”, as used in the June 5 notice, is synonymous with the "objections” especially when read with the last sentence of said notice, to wit: "You have the right to be represented by Counsel in the preparation of any such written comments”. (Mount Vernon Housing Auth. v McCoy, 360 NYS2d 186, 195, supra.) As such, we find that tenants were afforded sufficient time to voice their objections and were not prevented from submitting any materials in support of their position. While there was no "review board”, the letter of June 27, from the manager of the authority does refer to the June 5 notice wherein the reasons for the increase were set forth. This letter also states that all comments and objections were reviewed and considered by the authority prior to the making of any decision. In the absence of any demonstration of impropriety on the part of the authority, we conclude that the June 27 notice is sufficient with regard to the due process requirements set forth in the Burr case (supra).
While finding that procedural due process was complied with, we are in agreement with the trial court that the June 27 notice purporting to terminate the tenancy was insufficient in that it was indefinite and equivocal. We therefore conclude that the petition should be dismissed without prejudice to *859 reinstitution after a proper compliance with section 232-b of the Real Property Law.
Concur — Hogan, P. J., Guckman and Pittoni, JJ.