■ SAM PIROZZOLO, Appellant, v THERESA R. DIMEO, Also Known as THERESA D. DIMEO, et al., Respondents. (And a Third-Party Action.)—In an action for specific performance of a contract for the sale of real property, the plaintiff purchaser appeals, as limited by his brief, from so much of an order of the Supreme Court, Richmond County (Cusick, J.), dated March 2, 1987, as denied those branches of his motion which were for summary judgment and to strike the defendants' answer, certain affirmative defenses, and the defendants' counterclaim.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment, and to strike the defendants' answer, dismiss certain affirmative defenses, and dismiss the counterclaim are granted.

The record reveals that, the plaintiff as buyer and the defendant Dimeo as seller entered into a contract for the sale of the subject residence on July 18, 1985, and that an amendment to the contract executed on January 24, 1986 added the

defendant Carannante as party to the contract and extended the date of closing to April 1, 1986. Thereafter, on March 14, 1986, the defendants attempted to return the plaintiff's deposit and refused to close on the contract, claiming that they were unable to relocate "due to serious health considerations". The plaintiff refused the return of the deposit and commenced the present action for specific performance after the defendants failed to attend a scheduled closing in April 1986. The plaintiff is entitled to summary judgment.

An examination of the defendants' affidavits in opposition to the plaintiff's motion for summary judgment demonstrates that they fail to raise any genuine triable issues of fact. The defendants' allegations that the plaintiff knowingly took advantage of the defendant Dimeo's poor health in negotiating the contract are legally insufficient to establish the defenses of duress and undue influence, nor do they provide an adequate basis upon which to base a claim for rescission or for the other relief which the defendants seek *(see, Matter of Walther,* 6 NY2d 49; *Welford Realty v Brause,* 93 AD2d 758, *affd* 60 NY2d 623). Additionally, the record demonstrates that the defendant Dimeo is a sophisticated businessperson who was represented by able counsel throughout the contractual negotiations, and the defendants' execution of a subsequent amendment to the contract further indicated their knowing and voluntary agreement to abide by its terms.

Similarly, the defendants' allegations of fraud and fraudulent inducement on the part of the purchaser in that he allegedly denied that he was a builder and assured the defendants that they retained an option to rescind the agreement are clearly refuted by the language of the contract itself *(see, Pecorella v Greater Buffalo Press,* 84 AD2d 950, *mot to dismiss appeal granted* 55 NY2d 877; *Hirsch v Berger Import & Mfg. Corp.,* 67 AD2d 30, *appeal dismissed* 47 NY2d 1008, *mot to dismiss appeal granted* 47 NY2d 1012). Indeed, the agreement was expressly conditioned upon the plaintiff successfully securing approval to construct multifamily dwellings on the premises. The contract does not provide the defendants with an option to rescind, and the merger clause set forth in the document precludes modification of the contractual terms except by a signed writing.

Finally, the defendants' conclusory and unsubstantiated claim of hardship is not sufficient to defeat a claim for specific performance *(cf., Castaldi v Multer,* 117 AD2d 699). Accordingly, under the circumstances presented, the plaintiff is entitled to summary judgment *(see, Da Silva v Musso,* 53

NY2d 543). Thompson, J. P., Spatt, Sullivan and Harwood, JJ., concur.