■ MARCELLO CAIRA, Respondent, v BELL BAY PROPERTIES, INC., Appellant.—In an action, inter alia, for specific performance of a contract for the sale of real property, the defendant appeals from an order of the Supreme Court, Queens County (Pitaro, J.), dated May 21, 1987, which granted the plaintiff's motion for summary judgment, denied its cross motion for summary judgment, and directed specific performance of the contract.

Ordered that the order is affirmed, with costs.

On February 6, 1984, the parties herein entered into a contract whereby the defendant agreed to sell to the plaintiff certain real property located on Northern Boulevard, in Flushing, New York. The property was improved by five stores and was to be sold subject to two preexisting leases as well as a third lease, which was to be entered into by designated

parties on a subsequent date. As part of the contract, the defendant reserved the right to enter into a 10-year lease or sublease of 1 of the 5 stores situated on the premises. The contract further provided that the defendant was to obtain, at its own expense, certificates of occupancy for the five stores which were subject to the conveyance. In addition to the foregoing, the contract expressly stated: "In the event that the Seller shall be unable to perform under the terms of this contract and/or shall be unable to convey good and marketable title to said premises, free from encumbrances, restrictions, objections, easements, liens or other defects, except as hereinafter specified, *the Purchaser shall, at its election have the right to accept such title as the Seller is able to convey, without any claim on the part of the Purchaser for abatement for defects or objections, or the Purchaser shall have the right to rescind this contract*" (emphasis supplied).

A controversy developed when the defendant was unable to procure the certificates of occupancy referred to in the contract. Despite the defendant's inability to satisfy this condition, the plaintiff sought to consummate the sale. The defendant refused to do so. Thereafter the plaintiff commenced the instant action, and the Supreme Court granted him summary judgment. This appeal ensued.

The primary issue on appeal is whether the procurement of the certificates of occupancy was a condition precedent to the sale. The defendant contends that the plaintiff could not unilaterally waive the provision requiring certificates of occupancy and that a waiver by the defendant was also necessary since the defendant had retained a leasehold interest in one of the stores for which a certificate of occupancy was to be obtained. The defendant alleges that because it had not waived the condition precedent, directing specific performance of the contract was improper. We disagree.

The contract at issue, which was drafted by the defendant, expressly conferred upon the plaintiff the right to accept such title as the defendant could convey. In the alternative, the plaintiff could elect to rescind the contract in the event the defendant was unable to perform the terms contained therein. The failure on the part of the defendant to obtain certificates of occupancy did not render title to the property unmarketable. Therefore, the plaintiff, by virtue of the foregoing provision, could elect to proceed with the sale. Although we recognize that the defendant, to the extent that it retained a leasehold interest in one of the stores, ultimately would have benefited from the procurement of certificates of occupancy,

the discretion to accept title, without the certificates, was committed by the express terms of the contract to the plaintiff. Moreover, the defendant cannot fairly complain that its inability to procure the certificates of occupancy resulted in the loss of a contractual benefit sufficient to void the contract, since the stores in question had been operating without certificates prior to the execution of the contract.

We have examined the defendant's remaining contentions and have found them to be either unpreserved for appellate review or devoid of merit. Mollen, P. J., Kunzeman, Rubin and Eiber, JJ., concur.