OPINION OF THE COURT
Memorandum.
The judgment appealed from and the order of the Appellate Division brought up for review should be affirmed, without costs.
Plaintiff, a business corporation, was formed in 1975 to oppose a plan by Starr Broadcasting Group, Inc., then-owner of radio station WNCN, to convert the format of WNCN from classical to rock music. Plaintiff challenged Starr’s application for renewal of its FCC license and, with the support of two listeners’ groups, filed a competing application for a license. The dispute was resolved when defendant GAF Corporation offered to purchase the station and continue the classical music format. A five-party contract was concluded among plaintiff, defendant, Starr and the two listeners’ groups whereby plaintiff agreed to withdraw its FCC application and defendant agreed to execute an option agreement in plaintiff’s favor. The option agreement, dated April 9, 1976, recited defendant’s intention to operate WNCN "primarily as a classical music station” for at least five years; if within that period defendant "decide[d] to sell Station, or transfer control of Station to someone other than a subsidiary or affiliate of GAF”, plaintiff would have an option to acquire the station at a stipulated formula price (equaling $2.9 million) in order to continue operating WNCN as primarily a classical music station.
On December 29, 1980 — only months before expiration of the five-year option agreement — defendant’s board of directors *768 adopted a resolution finding that it would be advantageous to sell or discontinue certain of the corporation’s business, and directing its officers to "take such actions as may be necessary or appropriate to effect the sale of * * * WNCN.” That announcement was repeated at a press conference and in defendant’s public filings. Plaintiff immediately attempted to exercise its option to purchase the station at the stipulated price, but defendant refused, arguing that in fact there had been no decision to sell WNCN but only a decision to offer the station for sale, and that the option was not triggered until a buyer was identified. The present suit ensued.
After a bench trial, both Supreme Court and the Appellate Division correctly concluded, as a matter of contract interpretation, that defendant’s board resolution, public announcements and public filings manifested an unequivocal decision to sell within the meaning of the agreement, thus triggering plaintiff’s option. On the remaining issue — the appropriate remedy for defendant’s breach of the option agreement — the courts divided. The trial court concluded that specific performance was proper, but the Appellate Division majority held that on this record specific performance was unjustified, and it awarded plaintiff damages.
We affirm the Appellate Division determination, because under existing equitable principles, we cannot say that the denial of specific performance and award of damages (stipulated at $2.6 million) in its stead, was erroneous (see, Da Silva v Musso, 53 NY2d 543, 548; see also, Van Wagner Adv. Corp. v S & M Enters., 67 NY2d 186, 195; Gordon v Mazur, 284 App Div 289, affd 308 NY 861).
It is undisputed that plaintiff entered into the option agreement principally to assure continuance of classical music programming at WNCN for the next five years. Since defendant has now operated WNCN as a classical music station for 12 years, the remedy of specific performance is not necessary to effectuate plaintiff’s primary intent. Furthermore, defendant’s breach of the option agreement centered on a genuine disagreement about the meaning of a contractual term (see, Gordon v Mazur, supra). Had defendant waited a few more months before issuing its resolution and public announcement, the five-year option would have expired by its own terms and plaintiff would have had no basis for complaint at all.
Finally, if specific performance were awarded here, defendant would sustain considerable losses, including its substan *769 tial cumulative operating losses and the accretion in the station’s value that is attributable to its contributions over the past 12 years. Under these circumstances, the imposition of such a hardship is not warranted (Gordon v Mazur, supra, at 292 ["court will measure relative hardships and prejudices as well as nice legal rights”]). In this case, as the Appellate Division concluded, the legal remedy of damages sufficiently compensates plaintiff for defendant’s breach.
Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur; Chief Judge Wachtler taking no part.
Judgment appealed from and order of the Appellate Division brought up for review affirmed, without costs, in a memorandum.