■ MANSOUR KHAYYAM, Respondent, v GEORGE L. DIPLACIDI et al., Appellants.—Order, Supreme Court, New York County (Carmen Beauchamp Ciparick, J.), entered December 18, 1989, which, *inter alia,* denied defendants' motion for summary

judgment dismissing the complaint, unanimously affirmed, with costs.

This is an action for specific performance to compel the conveyance of certain real property. On October 17, 1986, plaintiff and defendants entered into a contract for the sale and purchase of 1975 Amsterdam Avenue. On the same date, a contract for sale of an adjacent building, 1969 Amsterdam Avenue, was entered into by corporate entities controlled by the parties. While the contracts state no contingency, defendants contend that, in fact, the sale was contingent on the conveyance of both. Defendants also contend that plaintiff acted with unclean hands in attempting to "steal" the property by purchasing only 1975 Amsterdam and by causing extensions of the closing deadline by requesting documentation for financing which was not actually sought until one year after the contractual deadline. Plaintiff, on the other hand, contends that there was no attempt to "steal" the one parcel since the contracts were not contingent, and that defendants' refusal to supply detailed documentation delayed his application for a mortgage commitment.

Defendants moved to dismiss the complaint on the grounds that specific performance, an action in equity, will not compel an unconscionable result and that plaintiff had acted with unclean hands. The court denied the motion, finding the facts to be contradictory and unclear so that the court could not determine where the equities lay. We agree.

While "specific performance will not be granted where it would cause unreasonable hardship or injustice" *(Concert Radio v GAF Corp.,* 108 AD2d 273, 278, *affd* 73 NY2d 766), equity will not relieve parties from bargains simply because they are unreasonable or unprofitable (55 NY Jur 2d, Equity, § 76, at 510).

Whether equity will come to the aid of defendants must, in any event, await resolution of the factual issues raised on this record. Concur—Sullivan, J. P., Carro, Wallach and Rubin, JJ.