■ ONEIDA CITY SCHOOL DISTRICT, by FREDERICK D. VOLP, as Superintendent of Schools, Respondent, v SEIDEN & SONS, INC., Appellant.—Casey, J. Appeal from an order of the Supreme Court (Tait, Jr., J.), entered January 28, 1991 in Madison County, which, *inter alia*, granted plaintiff's motion for summary judgment.

Plaintiff published a legal notice to solicit bids for the purchase of the former Oneida Junior High School building and grounds in the City of Oneida, Madison County. The notice stated that offers would be received through February 2, 1990, that "[t]he successful offeror will be given up to sixty (60) days to explore any necessary zoning or financing arrangements" and that "preference will be given to offers with the fewest or no contingencies". Defendant submitted a bid of $96,000 on an offer form dated December 27, 1989. Attached to the offer form was a letter of the same date, wherein defendant's president noted the experience and qualifications of defendant and its affiliates in the development, construction and management of senior citizen housing in upstate New York. The letter further stated that it was defendant's goal, if selected as the successful bidder, to convert the school into affordable rental housing for senior citizens, the handicapped or the disabled, with the number of units dependent upon certain factors which included "a marketing feasibility study" and "discussions with the City Planning Board including zoning limitations".

By letter dated February 15, 1990, defendant was informed that its bid of "$96,000.00 with no contingencies was accepted by [plaintiff] by resolution adopted February 13, 1990". Closing was scheduled for "within sixty days of February 13th, or sooner if possible". About a month later, defendant's president telephoned plaintiff's counsel and "advised that there was no possible way that the necessary feasibility study, financing and zoning variances could be obtained within [the 60-day] time period". Plaintiff's counsel responded by letter dated March 15, 1990, which offered plaintiff's assistance and cooperation including a delay of the closing, but noted that since defendant's offer contained no contingencies plaintiff did not waive its right to insist on defendant's performance of its contractual obligation to purchase the property.

According to the affidavit of plaintiff's counsel, by April 10, 1990 it was clear that defendant did not intend to make any good-faith efforts to move the project forward and, therefore, by letter dated April 13, 1990 defendant was informed that the closing would take place on April 27, 1990. When defendant failed to respond to the letter or appear at the closing, a second letter was sent declaring time of the essence and setting a new closing date of May 14, 1990. Defendant again failed to respond or appear and plaintiff commenced this action for specific performance. Plaintiff's motion for summary judgment was granted, resulting in this appeal.

Defendant contends that there are factual issues which must be resolved by a trial. First, defendant maintains that a question of fact exists as to whether plaintiff acted in good faith and with "clean hands" so that it may invoke the equitable remedy of specific performance. Plaintiff concedes that it had knowledge of defendant's intended use of the school building as senior citizen housing. The affidavit of defendant's president contains an allegation that plaintiff also knew that a prior prospective purchaser's proposal to convert the building into senior citizen housing had been turned down by the local Zoning Board of Appeals. The gist of defendant's claim is that plaintiff's failure to disclose a material fact amounted to fraud. "In the absence of a special relationship between two parties to a contract, no duty to disclose exists" (Cohen Agency v Perlman Agency, 114 AD2d 930, 931, lv denied 68 NY2d 603). In contrast to Kleinberg v Ratett (252 NY 236), cited by defendant, the alleged undisclosed fact in this case does not concern a latent condition in the property itself about which the purchaser had no knowledge. Defendant, experienced in the development of senior citizen housing, clearly knew that zoning was a matter which had to be resolved before its project could proceed. There is no allegation that plaintiff had exclusive knowledge of the alleged undisclosed fact. Nor is there any allegation that defendant made any effort, even as little as a telephone call to the local zoning officer, to ascertain, prior to making its bid, the feasibility of obtaining zoning approval for the project. "[A] party will not be heard to complain that he has been defrauded when it is his own evident lack of due care which is responsible for his predicament" (Rodas v Manitaras, 159 AD2d 341, 343).

Defendant also contends that a question of fact exists as to whether its offer was contingent upon zoning approval, financing and/or market feasibility, but the offer is clear and

unambiguous; it contains no contingencies. The letter which, explains defendant's intent to develop the property as senior citizen housing is just that and nothing more.

Defendant's claims directed at the remedy are equally meritless. "[S]pecific performance will not be granted where it would cause unreasonable hardship or injustice" *(Concert Radio v GAF Corp.,* 108 AD2d 273, 278, *affd* 73 NY2d 766), but "equity will not relieve parties from bargains simply because they are unreasonable or unprofitable" *(Khayyam v Diplacidi,* 167 AD2d 300, 301). We are of the view that defendant's allegations in this case fall into the latter category and are insufficient to raise a question of fact. In its brief on appeal, defendant argues that it would be unjust to compel defendant to purchase the property without the ability to develop the property for the intended use as senior citizen housing. The record, however, contains no evidence that it cannot be developed for that purpose. Noticeably absent is an allegation that defendant made any effort to obtain either financing or zoning approval for the project. Nor is there any allegation that the property has no potential use. In contrast, the building has no utility to plaintiff as a school, and plaintiff has no other use for it. Although plaintiff may have a remedy in the form of money damages for defendant's breach of contract, specific performance is an appropriate remedy here *(see, Morgan & Brother Manhattan Stor. Co. v Balin,* 47 AD2d 85, 89, *affd* 39 NY2d 848).

Defendant also claims that a question of fact exists regarding the reasonableness of the closing date. Defendant seems to be arguing that any closing date before financing and zoning approval for the project have been obtained is unreasonable, but as previously noted, defendant's offer did not make closing contingent upon either financing or zoning approval. In any event, it is clear from the record that defendant refused to close at all, despite plaintiff's expressed willingness to cooperate and delay the closing so long as defendant moved expeditiously.

It is apparent that defendant, an experienced real estate developer, has had second thoughts about the wisdom of its business judgment which prompted the offer to purchase plaintiff's property and seeks to be relieved from what it now views as an unprofitable bargain. Because defendant could have protected itself through the exercise of due diligence, either by exploring market feasibility, financing and zoning matters before making the offer or by including contingencies in the offer, defendant's predicament is clearly of its own

making. Plaintiff, on the other hand, did nothing to induce defendant into making its offer and is ready, willing and able to carry out its part of the bargain. In these circumstances, Supreme Court correctly granted plaintiff's motion for summary judgment and directed that defendant specifically perform the contract.

Mahoney, P. J., Mikoll, Mercure and Crew III, JJ., concur. Ordered that the order is affirmed, with costs.