■ MARCELLO CAIRA, Appellant, v BELL BAY PROPERTIES, INC., et al., Respondents. [597 NYS2d 459] —In an action, *inter alia,* to compel specific performance of a contract for the sale of real property, the plaintiff appeals from an order of the Supreme Court, Queens County (Smith, J.), dated February 19, 1991, which denied his motion for a summary determination of the validity of a 99-year lease purportedly affecting the property.

Ordered that the order is reversed, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a hearing on the issue of the validity of the purported 99-year lease, to be held forthwith.

On February 6, 1984, the plaintiff, Marcello Caira, entered into a contract to purchase a building at 165-01 Northern Boulevard in Queens from the defendant Bell Bay Properties, Inc. (hereinafter Bell) for $475,000. An initial payment of $47,500 was made upon execution of the agreement, and the deed was to be delivered to the plaintiff on February 28, 1984. A controversy arose between the parties which delayed the

closing, and the plaintiff commenced an action for specific performance of the contract. In May 1987 the court directed specific performance, and this Court affirmed that order in 1988 *(see, Caira v Bell Bay Props.,* 143 AD2d 870). In affirming the order, this Court noted that the property was to be sold subject to two specific leases then in existence and a third lease, which was to be entered into at a subsequent date by designated parties. Bell reserved the right to enter into a 10-year lease or sublease of one of the five stores situated on the premises. When Bell continued to refuse to close title, the Supreme Court, Queens County, by order dated October 10, 1989, appointed a receiver to execute the deed and effect the transfer of the property, and directed the plaintiff to prepare a lease pursuant to the terms of the contract of sale, to be executed by Bell. The plaintiff asserts that it was only then, by a letter dated January 10, 1990, that Bell provided him with a copy of a 99-year lease for a store in the building at an annual rental income of $1, which Bell purportedly entered into on May 1, 1983, with the defendant RCI Realty Company (hereinafter RCI) as tenant.

The plaintiff then commenced this second action, *inter alia,* for specific performance of the contract of sale, and for a declaration as to the validity of the 99-year lease and for damages. The court held in abeyance any further proceedings by the receiver appointed to effect the transfer of the property. This appeal concerns the plaintiff's motion for an expedited determination as to the validity of the lease. In his affidavit in support of the motion, the plaintiff stated that he would not have signed the contract if he had known that such a lease existed and that he could not close title to the premises until a determination was made as to whether the lease was in fact a ruse. In an affidavit in opposition to the motion, Thalia Bozirikidou, the president of both Bell and RCI, asserted that the 99-year lease came into existence on May 1, 1983. The court denied the plaintiff's motion on the ground that "the validity of a lease cannot be determined summarily". On appeal, the plaintiff contends that the court erred in failing to declare the lease invalid.

Under the express terms of the contract of sale and pursuant to this Court's previous decision, it is clear that the contract of sale was not made subject to this 99-year lease. Moreover, in our previous decision, we determined that the plaintiff was entitled to specific performance of the contract. Nevertheless, the plaintiff seeks a determination, prior to proceeding with the closing, as to whether the property is

encumbered by a 99-year lease. While we are skeptical of Bell's claim that this lease is valid, we agree with the court that the issue cannot be determined on the basis of the papers submitted and that a hearing is required (see, Zuckerman v City of New York, 49 NY2d 557). We note that the plaintiff, in his affidavit in support of the motion, requested a hearing on this issue. In view of the number of years which have elapsed since the contract of sale was entered into, we order an expedited hearing solely on the issue of the validity of the 99-year lease. Eiber, J. P., O'Brien, Ritter and Copertino, JJ., concur.