■ FRANK PIGA et al., Respondents, v CLAUDETTE RUBIN, Appellant. [751 NYS2d 195] —Judgment, Supreme Court, New York County (Jane Solomon, J.), entered January 16, 2002, which, to the extent appealed from, entitled plaintiff purchasers to specific performance of their contract with defendant for the sale of certain real property, and bringing up for review the prior order, same court and Justice, entered on or about December 5, 2001, inter alia, granting plaintiff purchasers' motion for summary judgment upon their cause of action for

specific performance, unanimously affirmed, with costs. Appeal from the order entered on or about December 5, 2001, unanimously dismissed, without costs, as subsumed in the appeal from the ensuing judgment. Appeal from order, same court and Justice, entered on or about May 21, 2002, which denied defendant's motion to reargue, unanimously dismissed, without costs, as taken from a nonappealable order.

Summary judgment was properly granted to plaintiff purchasers upon their cause of action for specific performance of the parties' contract for the sale of real property. Plaintiffs made out a prima facie entitlement to specific performance by demonstrating that they had substantially performed under the contract and were willing and able to perform their remaining obligations, that defendant was able to convey the property, and that there was no adequate remedy at law (*see Niagara Mohawk Power Corp. v Graver Tank & Mfg. Co.*, 470 F Supp 1308, 1324). Defendant seller did not, in opposing summary judgment, meet her consequent burden to demonstrate the existence of a triable issue respecting plaintiffs' entitlement to specific performance. Indeed, the record discloses that, for five years, defendant, in a prolonged attempt to deprive plaintiffs of their bargain, repeatedly frustrated the closing of the real estate transaction to which the parties had agreed.

We have considered defendant's remaining contentions and find them unavailing. Concur—Andrias, J.P., Saxe, Rosenberger, Lerner and Friedman, JJ.