■ BHOGRAJ CHEEMANLALL et al., Respondents, v DHANRAJH TOOLSEE, Appellant. [792 NYS2d 360]—

In an action for specific performance of a real estate contract and to recover damages for its breach, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Dollard, J.), dated June 10, 2004, as

granted that branch of the plaintiffs' motion which was for summary judgment on the cause of action for specific performance.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs made a prima facie showing of their entitlement to summary judgment on the cause of action for specific performance by demonstrating, inter alia, that they complied with their obligations under the subject contract, and were ready, willing, and able to close on the time-of-the-essence closing date (see Paglia v Pisanello, 15 AD3d 373 [2005]; Harper v Sealy, 6 AD3d 391 [2004]; Piga v Rubin, 300 AD2d 68 [2002]). Although the court has the discretion to deny the remedy of specific performance "where it would cause unreasonable hardship or injustice" (Concert Radio v GAF Corp., 108 AD2d 273, 278 [1985], affd 73 NY2d 766 [1988]; see EMF Gen. Contr. Corp. v Bisbee, 6 AD3d 45 [2004]; Pecorella v Greater Buffalo Press, 107 AD2d 1064 [1985]), the defendant's conclusory and unsubstantiated allegation that specific performance of the contract to sell his home would cause him hardship because he lost a business opportunity which would have allowed him to move to Florida was insufficient to defeat summary judgment (see Pirozzolo v Dimeo, 141 AD2d 810 [1988]). Adams, J.P., Krausman, Rivera and Lifson, JJ., concur.