■ YEHUDA BACKER, Respondent, v BOUZA FALCO Co., Appellant. [814 NYS2d 188]—

In an action, inter alia, for specific performance of a contract for the purchase of real property, the defendant appeals from an order of the Supreme Court, Kings County (Douglass, J.), dated November 3, 2004, which, among other things, upon, in effect, treating the defendant's cross motion pursuant to CPLR 3211 (a) (1) to dismiss the complaint as one for summary judgment, denying the cross motion and, in effect, searching the record, awarded summary judgment to the plaintiff.

Ordered that the order is affirmed, with costs.

In January 2004 the parties entered into a contract for the plaintiff's purchase of real property from the defendant at a purchase price of $4 million. Paragraph 37 of the contract provided, inter alia, that if the plaintiff discovered an objectionable environmental condition which would cost more than $40,000 to cure, he could cancel the contract within 30 days, or seek a reduction of the purchase price or remediation by the defendant. In a letter dated February 25, 2004 the plaintiff advised the defendant that it had discovered an underground oil storage tank, which would cost $56,000 to remove. The letter further stated that unless the defendant agreed to lower the purchase price or remediate the condition, the letter would serve as the plaintiff's cancellation of the contract. In a letter dated March 2, 2004 the defendant contended that because the cost to cure the condition was only $17,700, the "contract cannot be terminated." The letter also indicated that the defendant still wished to sell the property to the plaintiff and that the defendant considered the contract in full force. However, by letter dated April 5, 2004, the defendant advised the plaintiff that it was accepting the plaintiff's prior offer to cancel the contract, and remitted the plaintiff's down payment. On April 8, 2004 the plaintiff returned the down payment to the defendant, and rejected the defendant's cancellation of the contract. The plaintiff thereafter commenced this action, inter alia, for specific performance and injunctive relief.

The defendant cross-moved pursuant to CPLR 3211 (a) (1) to dismiss the complaint. The Supreme Court, inter alia, in effect, treated the cross motion as one for summary judgment (see CPLR 3211 [c]), denied the cross motion and, upon in effect searching the record, awarded summary judgment to the plaintiff.

CPLR 3212 (b) authorizes the Supreme Court, upon a motion for summary judgment, to search the record and grant a nonmovant summary judgment without giving prior notice to the parties (see Merritt Hill Vineyards v Windy Hgts. Vineyard, 61 NY2d 106 [1984]). Where a defendant moves to dismiss the complaint under CPLR 3211, however, the court may only exercise its authority under CPLR 3212 (b) if one of the parties specifically requests summary judgment, the parties deliberately chart a summary judgment course, or the parties appreciated that the issue is exclusively one of law (see Barclay Arms v Barclay Arms Assoc., 74 NY2d 644 [1989]; cf. Mihlovan v Grozavu, 72 NY2d 506 [1988]; Moutafis v Osborne, 18 AD3d 723 [2005]; Shabtai v City of New York, 308 AD2d 532 [2003]). The

evidence submitted by the parties reveals that no factual dispute exists. Rather, both parties contended that the gravamen of the dispute is whether, as a matter of law, either party exercised its rights under paragraph 37 of the contract. Specifically, the plaintiff contended that its letter dated February 25, 2004 was only an invitation to negotiate as set forth in paragraph 37, and thus, was not a termination letter. The plaintiff also contended that at all times he was ready, willing, and able to perform under the contract. Further, the plaintiff contended that the defendant's letter dated April 5, 2004 improperly and unilaterally terminated the contract. The defendant countered that the plaintiff's letter dated February 25, 2004 was a termination letter, that the defendant's letter dated March 2, 2004 had no legal effect because the defendant had no right to reject the plaintiff's cancellation of January 25th, and that the defendant's letter dated April 5, 2004 merely accepted the January 25th cancellation. Under these circumstances, as the parties appreciated and argued that the dispute concerned only a legal question, the court properly treated the cross motion as one for summary judgment (*see Barclay Arms v Barclay Arms Assoc., supra*).

The plaintiff established his prima facie entitlement to specific performance by demonstrating that he was ready, willing, and able to perform under the contract (*see EMF Gen. Contr. Corp. v Bisbee*, 6 AD3d 45, 51 [2004]). The defendant's allegations that the contract was cancelled were insufficient to defeat summary judgment (*see generally Cheemanlall v Toolsee*, 17 AD3d 392 [2005]; *Pirozzolo v Dimeo*, 141 AD2d 810 [1988]). Thus, the court properly awarded the plaintiff such relief (*see Smith v Tenshore Realty, Ltd.*, 8 Misc 3d 1010[A], 2005 NY Slip Op 51012[U] [2005]; *Mount Vernon Hous. Auth. v McCoy*, 83 Misc 2d 856 [1975]).

In light of our determination, we need not reach the parties' remaining contentions. Schmidt, J.P., Santucci, Rivera and Skelos, JJ., concur.