■ Lot 57 Acquisition Corp., Appellant-Respondent, v Yat Yar Equities Corp., Respondent-Appellant. [882 NYS2d 454]—

In an action for specific performance of a contract for the sale of real property, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Taylor, J.), entered January 17, 2008, as denied its renewed motion for summary judgment on the complaint, and the defendant cross-appeals, as limited by its brief, from so much of the same order as denied its renewed cross motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law and the facts, by deleting the provision thereof denying the plaintiff's renewed motion for summary judgment on the complaint and substituting therefor a provision granting the renewed motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs to the plaintiff.

Since the defendant Yat Yar Equities Corp. (hereinafter Yat Yar) did not raise the defense of lack of standing in a timely motion to dismiss the complaint or in its responsive pleading, that defense is waived (*see* CPLR 3211 [e]; *Gager v White,* 53 NY2d 475, 488 [1981], *cert denied* 454 US 1086 [1981]; *Aames Funding Corp. v Houston,* 57 AD3d 808, 809 [2008]).

On its renewed cross motion, Yat Yar failed to demonstrate its prima facie entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]), since it did not establish the facial validity of its cancellation of a contract for the sale of the subject property pursuant to a particular contractual provision (*see Friend Dev. Group, LLC v Estate of Rood,* 60 AD3d 992 [2009]; *Gold v First Stop Tire Shop, Inc.,* 50 AD3d 738 [2008]). Specifically, although Yat Yar established that the plaintiff failed to timely procure a mortgage loan for the purchase of the subject property, Yat Yar's right to cancel the contract pursuant to the mortgage contingency clause did not arise until the purchaser notified it by certified mail, return receipt requested, of such failure. Under these circumstances, Yat Yar's purported cancellation of the contract, concededly before it even had knowledge of the plaintiff's admitted failure to obtain a mortgage commitment within the period prescribed by the contract, was not valid. Where the procedures for cancellation provided for by the contract specify conditions precedent to the right of termination, those procedures must be followed (*see generally A. S. Rampell, Inc. v Hyster Co.,* 3 NY2d 369, 382 [1957]; *General Supply & Constr. Co. v Goelet,* 241 NY 28 [1925];

*Friend Dev. Group, LLC v Estate of Rood,* 60 AD3d 992 [2009]; *J. Petrocelli Constr., Inc. v Realm Elec. Contrs., Inc.,* 15 AD3d 444, 446 [2005]).

The plaintiff, on the other hand, made a prima facie showing of its entitlement to judgment as a matter of law on the complaint, which sought to compel specific performance of the contract, by submitting proof of the validity of the contract of sale, its performance thereunder, and that it was ready, willing, and able to proceed to closing (*see Backer v Bouza Falco Co.,* 28 AD3d 503 [2006]; *Cheemanlall v Toolsee,* 17 AD3d 392, 393 [2005]; *EMF Gen. Contr. Corp. v Bisbee,* 6 AD3d 45, 51 [2004]; *Piga v Rubin,* 300 AD2d 68 [2002]). In opposition, the defendant failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]). Accordingly, the Supreme Court should have granted the plaintiff's renewed motion for summary judgment on the complaint, and directed Yat Yar to convey the subject property pursuant to the terms of the contract between the parties. Skelos, J.P., Angiolillo, Chambers and Lott, JJ., concur.