■ Chao-Yu C. Huang, Respondent, v Harry An-Ling Shih et al., Appellants. [904 NYS2d 433]—

In an action for specific performance of a contract for the sale of real property, the defendants appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Queens County (Cullen, J.), dated October 16, 2008, as denied that branch of their motion which was for summary judgment dismissing the complaint, and granted the plaintiff's cross motion for summary judgment on the complaint directing specific performance of the contract, and (2) so much of an order of the same court dated February 10, 2009, as amended February 23, 2009, as denied that branch of their motion which was for leave to renew that branch of their prior motion which was for summary judgment dismissing the complaint and their opposition to the plaintiff's prior cross motion for summary judgment on the complaint directing specific performance of the contract.

Ordered that the order dated October 16, 2008, and the order dated February 10, 2009, as amended, are affirmed insofar as appealed from, with one bill of costs.

In May 2006, the plaintiff Chao-Yu Huang (hereinafter the buyer) signed a contract to purchase real property in Flushing, Queens, for the sum of $800,000. The contract indicated that the defendants, Harry An-Ling Shih and Patty Meelan Wong Shih (hereinafter together the sellers), intended to sell the property as part of a tax-deferred exchange pursuant to Internal Revenue Code (26 USC) § 1031. The buyer provided a down payment in the sum of $40,000, obtained a mortgage in the sum of $600,000, and was to pay the balance by certified check.

Paragraph 12 of the contract rider included a requirement that the sellers provide a certificate of occupancy for the property at closing if the municipality required such a certificate. The same provision limited the sellers' obligation and liability with respect to certificate of occupancy issues to cancellation of the contract of sale. At the closing on December 26, 2006, the sellers did not provide a certificate of occupancy, and instead asserted that none was required by the municipality because the residence on the property was built in 1926. The document relied on by the sellers for this proposition, however, did not pertain to the premises at issue. The buyer refused to close unless she received either a certificate of occupancy or a price reduction. Instead of attempting to resolve the certificate of oc-

cupancy problem, the sellers elected to cancel the contract by letter dated December 29, 2006.

After the parties exchanged additional letters in January and February 2007, the buyer commenced this action for specific performance in April 2007. The sellers moved, inter alia, for summary judgment dismissing the complaint, and the buyer cross-moved for summary judgment on the complaint directing specific performance. The Supreme Court denied the sellers' motion and granted the buyer's cross motion. The Supreme Court also denied the sellers' subsequent motion, inter alia, for leave to renew.

The Supreme Court providently exercised its discretion in denying that branch of the sellers' motion which was for leave to renew. Notwithstanding their contentions that the Supreme Court raised certain issues sua sponte and that the death of a former attorney hampered their presentation of evidence, the sellers failed to offer a reasonable excuse for their failure to present the alleged new facts on the prior motion (*see Renna v Gullo*, 19 AD3d 472, 473 [2005]).

The certificate of occupancy problem did not present a title issue, as the buyer's title company deemed the sellers' title to be marketable (*see Caira v Bell Bay Props.*, 143 AD2d 870, 871 [1988]). Nevertheless, the sellers breached their contractual duty to either provide a certificate of occupancy or provide proof that none was necessary (*see Correnti v Allstate Props., LLC*, 38 AD3d 588, 589-590 [2007]; *Costello v Casale*, 281 AD2d 581, 583 [2001]). Moreover, the record reflects that they did not engage in any good faith efforts to solve the problem (*cf. Sevilla v Valiotis*, 29 AD3d 775 [2006]; *Bosco, Bisignano & Mascolo, Esqs., LLP v Turyan*, 8 AD3d 418, 419 [2004]; *Naso v Haque*, 289 AD2d 309, 310 [2001]). Accordingly, the sellers were not entitled to cancel the contract unilaterally under rider paragraph 12.

The buyer established that she was ready, willing, and able to perform the contract (*see Backer v Bouza Falco Co.*, 28 AD3d 503, 504-505 [2006]). In opposition to her prima facie showing of entitlement to judgment as a matter of law, the sellers failed to raise a triable issue of fact. In particular, the sellers failed to present any evidence to support their contention that because they can no longer benefit from a tax-deferred exchange, an award of specific performance to the buyer would cause them substantial hardship (*see Cheemanlall v Toolsee*, 17 AD3d 392, 393 [2005]; *EMF Gen. Contr. Corp. v Bisbee*, 6 AD3d 45, 52 [2004]; *Pirozzolo v Dimeo*, 141 AD2d 810, 811 [1988]). Accordingly, the buyer was properly awarded summary judgment.

The sellers' remaining contentions are either academic in light of our determination or without merit. Rivera, J.P., Dickerson, Chambers and Hall, JJ., concur.