On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must afford the complaint a liberal construction, accept all facts as alleged in the complaint to be true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87 [1994]). Contrary to the contention of the defendants, who entered into a contract with the plaintiff for the sale of their home, applying this standard, the complaint sufficiently states a cause of action for specific performance of that contract (see EMF Gen. Contr. Corp. v Bisbee, 6 AD3d 45, 51 [2004]).
A court may consider evidentiary material submitted by a defendant in support of a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7) (see CPLR 3211 [c]; Sokol v Leader, 74 AD3d 1180, 1181 [2010]). “When evidentiary material is considered” on a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), and the motion has not been converted to one for summary judgment, “the criterion is whether the [plaintiff] has a cause of action, not whether he [or she] has stated one, and, unless it has been shown that a material fact as claimed by the [plaintiff] to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it . . . dismissal should not eventuate” (Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977]; see Sokol v Leader, 74 AD3d at 1181- *798 1182). Here, the complaint alleged that the defendants anticipatorily repudiated the contract for the sale of their home, and the defendants submitted certain evidentiary material in an attempt to establish that they did not anticipatorily repudiate the contract. However, the evidentiary material submitted by the defendants failed to establish that the allegation “was undisputedly not a fact at all” (Bokhour v GTI Retail Holdings, Inc., 94 AD3d 682, 683 [2012]; see Makris v Darus-Salaam Masjid, N.Y., Inc., 91 AD3d 729, 731 [2012]).
Accordingly, the Supreme Court should have denied that branch of the defendants’ motion which was pursuant to CPLR 3211 (a) (7) to dismiss the cause of action for specific performance. Skelos, J.E, Balkin, Leventhal and Roman, JJ., concur.