■ ESTHER SPIRA et al., Plaintiffs-Respondents, v LOUIS AC-
CEUS et al., Defendants-Respondents, and KETTELINE JEAN-
RENE, Appellant. [979 NYS2d 836]—

In an action for specific performance of a contract for the sale
of real property, the defendant Ketteline Jean-Rene appeals
from an order of the Supreme Court, Rockland County (Alfieri,
Jr., J.), dated November 8, 2012, which granted the plaintiffs'
motion for summary judgment against her compelling specific
performance of the contract of sale.

Ordered that the order is affirmed, without costs or disburse-
ments.

The plaintiffs made a prima facie showing of their entitle-
ment to judgment as a matter of law on the cause of action for
specific performance by demonstrating, inter alia, that they
complied with their obligations under the subject contract for
the sale of real property, and were ready, willing, and able to
close on the time-of-the-essence closing date (see Cheemanlall v
Toolsee, 17 AD3d 392, 392-393 [2005]).

In opposition, the defendant Ketteline Jean-Rene failed to
raise a triable issue of fact. Although "equity will not relieve
parties from bargains simply because they are unreasonable or
unprofitable" (Khayyam v Diplacidi, 167 AD2d 300, 301 [1990];
see Oneida City School Dist. v Seiden & Sons, 177 AD2d 828
[1991]), the right to specific performance is not automatic, and
a court has the discretion to deny this remedy "where it would
cause unreasonable hardship or injustice" (Concert Radio v
GAF Corp., 108 AD2d 273, 278 [1985], affd 73 NY2d 766 [1988];
see EMF Gen. Contr. Corp. v Bisbee, 6 AD3d 45 [2004]; Pecorella
v Greater Buffalo Press, 107 AD2d 1064 [1985]). However, the
"denial of specific performance would constitute an abuse of
discretion as a matter of law if there is no evidence to sustain
the conclusion that requiring it would be a drastic or harsh
remedy" (Da Silva v Musso, 53 NY2d 543, 547 [1981] [internal
quotation marks omitted]). In the instant matter, Jean-Rene
failed to submit evidence sufficient to raise a triable issue of
fact as to whether specific performance would be a drastic or
harsh remedy (see Huang v Shih, 73 AD3d 981 [2010]; Cheeman-
lall v Toolsee, 17 AD3d 392 [2005]; Pirozzolo v Dimeo, 141 AD2d
810 [1988]; see also EMF Gen. Contr. Corp. v Bisbee, 6 AD3d 45
[2004]).

Accordingly, the Supreme Court properly granted the plain-
tiffs' motion for summary judgment against Jean-Rene. Mastro,
J.P., Rivera, Sgroi and Cohen, JJ., concur.