■ E & D GROUP, LLC, Appellant, v THEODORE VIALET, Respondent. [21 NYS3d 691]—

In an action for specific performance of a contract for the sale of real property, the plaintiff appeals (1) from an order of the Supreme Court, Kings County (Toussaint, J.), dated July 30, 2014, which granted the defendant's motion pursuant to CPLR 3211 (a) to dismiss the complaint, and (2) an order of the same court dated February 25, 2015, which denied its motion for leave to renew and reargue its opposition to the defendant's prior motion.

Ordered that the appeal from so much of the order dated February 25, 2015, as denied that branch of the plaintiff's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the appeal from so much of the order dated February 25, 2015, as denied that branch of the plaintiff's motion which was for leave to renew is dismissed as academic in light of our determination of the appeal from the order dated July 30, 2014; and it is further,

Ordered that the order dated July 30, 2014, is reversed, on the law, and the defendant's motion pursuant to CPLR 3211 (a) to dismiss the complaint is denied; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff commenced this action for specific performance of a contract for the sale of real property. The defendant moved to dismiss the complaint pursuant to CPLR 3211 (a), and the Supreme Court granted the motion.

In considering a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), "the court must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Sokol v Leader*, 74 AD3d 1180, 1181 [2010] [internal quotation marks omitted]; *see Nonnon v City of New York*, 9 NY3d 825, 827 [2007]; *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). "Whether a plaintiff can ultimately establish its allegations is not part of the calculus" (*EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19 [2005]).

"A court is . . . permitted to consider evidentiary material submitted by a defendant in support of a motion to dismiss pursuant to CPLR 3211 (a) (7)" (*Sokol v Leader*, 74 AD3d at 1181; *see* CPLR 3211 [c]; *Mawere v Landau*, 130 AD3d 986, 988 [2015]). However, "on a motion made pursuant to CPLR 3211 (a) (7), the burden never shifts to the nonmoving party to rebut a defense asserted by the moving party" (*Sokol v Leader*, 74 AD3d at 1181), and a plaintiff "will not be penalized because he [or she] has not made an evidentiary showing in support of his [or her] complaint" (*Rovello v Orofino Realty Co.*, 40 NY2d 633, 635 [1976]; *see Nonnon v City of New York*, 9 NY3d 825, 827 [2007]). When evidentiary material is considered on a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), and the motion has not been converted to one for summary judgment, "the criterion is whether the [plaintiff] has a cause of action, not whether he [or she] has stated one, and, unless it has been shown that a material fact as claimed by the [plaintiff] to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it . . . dismissal should not eventuate" (*Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]; *see Mawere v Landau*, 130 AD3d at 988; *Nasca v Sgro*, 130 AD3d 588, 589 [2015]; *Sokol v Leader*, 74 AD3d at 1181).

Contrary to the defendant's contention, the complaint adequately alleged a cause of action for specific performance of a contract for the sale of real property. "The elements of a cause of action for specific performance of a contract are that

the plaintiff substantially performed its contractual obligations and was willing and able to perform its remaining obligations, that defendant was able to convey the property, and that there was no adequate remedy at law" (*EMF Gen. Contr. Corp. v Bisbee*, 6 AD3d 45, 51 [2004]; *see Piga v Rubin*, 300 AD2d 68, 69 [2002]; *see also Lot 57 Acquisition Corp. v Yat Yar Equities Corp.*, 63 AD3d 1109, 1111 [2009]).

Here, the complaint alleged that the parties entered into a contract of sale for the subject property, and that the plaintiff tendered a down payment, which was accepted by the defendant. The complaint further alleged that the plaintiff "duly performed all of the conditions on its part under the Contract," and that it had been, and continued to be, ready, willing, and able to perform its remaining obligations. The complaint alleged that there were "no outstanding title issues" that would prevent the defendant from transferring title to the premises, and that the subject property was "unique in character, and the Plaintiff has no remedy at law." In sum, the complaint stated a cause of action for specific performance of a contract for the sale of real property (*see Simpson v 1147 Dean, LLC*, 116 AD3d 835, 836 [2014]; *Jannetti v Whelan*, 97 AD3d 797, 797 [2012]). Furthermore, although the defendant's evidentiary submissions raised questions of fact as to whether the defendant ever entered into the alleged contract of sale and whether any such contract is enforceable as alleged in the complaint, his evidentiary submissions did not establish as a matter of law that the plaintiff does not have a cause of action for specific performance (*see Jannetti v Whelan*, 97 AD3d at 797; *see also Guggenheimer v Ginzburg*, 43 NY2d at 275; *Bokhour v GTI Retail Holdings, Inc.*, 94 AD3d 682, 683 [2012]). Therefore, "[b]ecause questions which cannot be resolved on a motion to dismiss are present and because a full record has not been developed, dismissal of the [complaint] is not warranted at this time" (*Lawrence v Graubard Miller*, 11 NY3d 588, 596-597 [2008]). Balkin, J.P., Austin, Miller and Hinds-Radix, JJ., concur.