Breskin v Moronto (2019 NY Slip Op 04126)





Breskin v Moronto


2019 NY Slip Op 04126


Decided on May 29, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2016-03080
 (Index No. 503972/14)

[*1]Stephen Breskin, et al., respondents,
v
Saturnina Gomez Moronto, appellant.


Holihan & Associates, P.C., Richmond Hill, NY (Nazareth Markarian of counsel), for appellant.
Warshaw Burstein, LLP, New York, NY (Robert Fryd and Grant R. Cornehls of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, for specific performance of a contract for the sale of real property, the defendant appeals from an order of the Supreme Court, Kings County (Arthur M. Schack, J.), dated March 7, 2016. The order, insofar as appealed from, upon renewal and reargument, adhered to a prior determination in an order of the same court dated February 22, 2016, granting the plaintiffs' motion for summary judgment on their first cause of action, which sought specific performance.
ORDERED that the order dated March 7, 2016, is affirmed insofar as appealed from, with costs.
In September 2013, the plaintiffs entered into a contract to purchase from the defendant real property located in Brooklyn for the sum of $675,000. After the defendant's attorney cancelled the first scheduled closing, the plaintiffs' attorney sent a letter to the defendant's attorney setting a closing date of March 31, 2014, and stating that time was of the essence. The closing did not occur. The plaintiffs subsequently commenced this action, inter alia, for specific performance of the contract.
In an order dated February 22, 2016, the Supreme Court granted the plaintiffs' motion for summary judgment on their first cause of action, which sought specific performance. In an order dated March 7, 2016, the court, inter alia, upon renewal and reargument, adhered to its original determination. The defendant appeals from the order dated March 7, 2016.
The elements of a cause of action for specific performance of a contract for the sale of real property are " that the plaintiff substantially performed its contractual obligations and was [ready,] willing and able to perform its remaining obligations, that defendant was able to convey the property, and that there was no adequate remedy at law'" (Finkelstein v Lynda, 166 AD3d 948, 949, quoting EMF Gen. Contr. Corp. v Bisbee, 6 AD3d 45, 51; see Victory M, LLC v Frederic, 148 AD3d 1086, 1086; Spira v Acceus, 114 AD3d 663, 663; Backer v Bouza Falco Co., 28 AD3d 503, 505).
"In moving for summary judgment on a complaint seeking specific performance of [*2]a contract, a purchaser must submit evidence demonstrating financial ability to purchase the property in order to demonstrate that it was ready, willing, and able to purchase the property" (Finkelstein v Lynda, 166 AD3d at 949; see MB Shtetl 1 Corp v Singh, 166 AD3d 604, 605; Grunbaum v Nicole Brittany, Ltd., 153 AD3d 1384, 1385; Kaygreen Realty Co., LLC v IG Second Generation Partners, L.P., 78 AD3d 1010, 1015).
Here, the plaintiffs made a prima facie showing of their entitlement to judgment as a matter of law on the cause of action for specific performance of the contract by demonstrating that they complied with their obligations under the contract and were ready, willing, and able to close (see Victory M, LLC v Frederic, 148 AD3d at 1086; Spira v Acceus, 114 AD3d at 663; Cheemanlall v Toolsee, 17 AD3d 392, 393).
In opposition, the defendant failed to raise a triable issue of fact. The defendant's affidavit, which attested to her discussions with her former attorney, offered no evidence other than hearsay to support her allegation that it was the plaintiffs who refused to close on the contract. The affidavit was therefore insufficient to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 562; Roche v Bryant, 81 AD3d 707, 708; Stock v Otis El. Co., 52 AD3d 816, 816; Donato v Mikrut, 33 AD3d 654, 655; Rodriguez v Sixth President, Inc., 4 AD3d 406, 407; Arnold v New York City Hous. Auth., 296 AD2d 355).
Accordingly, we agree with the Supreme Court's determination, upon renewal and reargument, adhering to its original determination granting the plaintiff's motion for summary judgment on the first cause of action, which sought specific performance.
SCHEINKMAN, P.J., BALKIN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court