Chao-Yu C. Huang v Shih (2022 NY Slip Op 06684)

Chao-Yu C. Huang v Shih

2022 NY Slip Op 06684

Decided on November 23, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2019-08496
 (Index No. 701300/19)

[*1]Chao-Yu C. Huang, appellant, 
v
Harry An-Ling Shih, et al., respondents.

Kevin Kerveng Tung, P.C., Flushing, NY (Kevin K. Tung of counsel), for appellant.
Huang, Chen & Wu PLLC, Flushing, NY (Xue Huang of counsel), for respondents.

DECISION & ORDER
In an action for specific performance of a contract for the sale of real property, the plaintiff appeals from an order of the Supreme Court, Queens County (Joseph J. Esposito, J.), entered June 14, 2019. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for the appointment of a receiver to effectuate the conveyance of the subject property to the plaintiff.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In May 2006, the plaintiff, as purchaser, entered into a contract with the defendants, as sellers, to purchase certain real property located in Queens. A provision of the contract rider required the defendants, at closing, to provide to the plaintiff a certificate of occupancy for the property, if the municipality required such a certificate. At the closing on December 26, 2006, the defendants did not provide a certificate of occupancy, and instead asserted that none was required by the municipality. The plaintiff refused to close unless she received either a certificate of occupancy or a price reduction, and the defendants elected to cancel the contract. The plaintiff rejected the attempted cancellation.
In April 2007, the plaintiff commenced this action, seeking specific performance of the contract. The defendants moved, inter alia, for summary judgment dismissing the complaint, and the plaintiff cross-moved for summary judgment on the complaint. In an order entered October 23, 2008, the Supreme Court, among other things, denied that branch of the defendants' motion and granted the plaintiff's cross motion. The defendants appealed, and in a decision and order dated May 18, 2010, this Court, inter alia, affirmed the order insofar as appealed from (see Huang v Shih, 73 AD3d 981). This Court determined, inter alia, that the plaintiff had properly been awarded summary judgment on the complaint directing specific performance because the defendants had "breached their contractual duty to either provide a certificate of occupancy or provide proof that none was necessary" (id. at 982).
In September 2011, the defendants, through counsel, provided the plaintiff with a certificate of occupancy report. This report stated that no certificate of occupancy existed for the subject property, that the building on the property was completed in 1917, and that the New York City Department of Buildings (hereinafter the DOB) did not require a certificate of occupancy for [*2]buildings completed before 1938. By letter dated October 26, 2011, the defendants' counsel informed the plaintiff's counsel that the defendants were setting a closing date of November 15, 2011, that time was of the essence, and that if the plaintiff failed to appear she would be in default. The plaintiff did not appear at the closing.
In November 2018, the plaintiff moved, inter alia, for the appointment of a receiver to effectuate the conveyance of the subject property to the plaintiff. The plaintiff contended, among other things, that the defendants had failed to comply with the order entered October 23, 2008, which had awarded the plaintiff summary judgment on the complaint, and with this Court's decision and order dated May 18, 2010, because the defendants had failed to provide proof that no certificate of occupancy was necessary, in the form of a "Letter of No Objection" from the DOB. In an order entered June 14, 2019, the Supreme Court, inter alia, denied that branch of the plaintiff's motion. The plaintiff appeals.
CPLR 5106 provides that a court, "by or after judgment, may appoint a receiver of property which is the subject of an action, to carry the judgment into effect or to dispose of the property according to its directions" (see Mangra v Mangra, 170 AD3d 1156, 1158 [internal quotation marks omitted]; Caponera v Caponera, 165 AD3d 1221, 1222; Wagenmann v Wagenmann, 96 AD2d 534, 536). "'Whether a receiver should be appointed in a particular matter is a determination committed to the court's sound discretion'" (Caponera v Caponera, 165 AD3d at 1222-1223, quoting Foley v Gootenberg, 137 AD3d 744, 745; see Mangra v Mangra, 170 AD3d at 1158).
Contrary to the plaintiff's contention, the defendants complied with the orders of the Supreme Court and this Court determining that the plaintiff was entitled to specific performance by providing notice to the plaintiff that they were setting a closing date of November 15, 2011, and by providing the plaintiff with the certificate of occupancy report showing that no certificate of occupancy was required for the subject property. The plaintiff has not identified any language in the parties' contract, or any other authority, that supports her position that a certificate of occupancy report is not sufficient to satisfy the defendants' contractual obligation to prove that no certificate of occupancy was necessary, and that this obligation could be satisfied only through a "Letter of No Objection" from the DOB.
Accordingly, the Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was for the appointment of a receiver to effectuate the conveyance of the subject property to the plaintiff.
CHAMBERS, J.P., WOOTEN, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court